Patricia E. SHEEHAN, Appellant,

v.

UNIVERSITY OF ALASKA, Alaska State Commission For Human Rights, and Cathi Carr-Lundfelt, Appellees.

No. S–454.

Supreme Court of Alaska.

May 17, 1985.

Lloyd I. Hoppner, Rice, Hoppner, Brown & Brunner, Fairbanks, for appellant.

Nancy R. Gordon, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

COMPTON, Justice.

This appeal requires us to determine whether the trial court abused its discretion when it denied Patricia Sheehan's request for a second extension of time to file an opening brief in an administrative appeal. The denial of the extension resulted in the dismissal of Sheehan's case. For the reasons set forth below, we reverse the trial court.

The factual background is straightforward. Sheehan filed an administrative complaint with the Alaska State Commission for Human Rights (HRC) in May 1978 alleging that the University of Alaska dis-

criminated against her on the basis of her sex. The HRC dismissed Sheehan's claim almost five years later. In September 1983 Sheehan appealed the HRC's decision to the superior court sitting as an appellate court. On December 8, 1983 the appeals clerk set the deadline for filing Sheehan's brief at January 9, 1984. In December, Sheehan sought her first extension of the deadline to February 8, 1984. All parties stipulated to the change, and on January 3, 1984 the trial court approved the extension.

As the February 8 deadline neared, Sheehan's lawyer, Lloyd Hoppner, "became unavailable to write the brief." Sheehan turned to her husband, a lawyer, to write the brief. On February 7, Sheehan's husband telephoned HRC and the University lawyers and asked for a second extension; they agreed to extend the due date a second time to March 9, 1984.

Although the lawyers agreed to this stipulation, Judge Van Hoomissen did not; he denied the requested second extension on February 22, 1984. A motion to reconsider was denied pursuant to Alaska R.Civ.P. 77(m). On May 3, 1984 Sheehan's motion to reinstate her appeal was denied. This appeal followed.[1]

Because this case involves an appeal from an administrative decision to the superior court, Part Six of the Appellate Rules ("Superior Court as an Appellate Court") governs the procedures to be followed. None of the rules in Part Six expressly deal with time extensions. However, Rule 601(b) provides in pertinent part:

> On any point not addressed in Part Six, procedure in appeals to the superior court shall be governed by the provisions of Parts Two and Five of these rules. . . .

Appellate Rule 502(b) addresses the question of extensions of time in which to file briefs with an appellate court. That rule provides:

> (b) Extensions of Time. When by these rules or by a notice given thereunder or by order of the appellate court an act is required or allowed to be done at or within a specified time, *the appellate court may, in its discretion,* either on motion of a party, showing good cause, or sua sponte:
>
> (1) *Extend the time period, either before or after its expiration* or
>
> (2) Validate an act done after the expiration of the time period.

---

1. Our initial consideration of the appeal disclosed that the trial court had merely written "Denied" followed by the date and his initials on the second extension request. Because the absence of any articulated reasons for the decision precluded meaningful review of the action, *see Miller v. McManus*, 558 P.2d 891, 893 (Alaska 1977); *State v. I'Anson*, 529 P.2d 188, 191 (Alaska 1974), we remanded to the trial court with instructions to specify the reasons supporting the denial. The trial court has provided the following Statement of Reasons:

> On February 22, 1984, this Court denied an application for a second extension of time to file a brief of the appellant. The Supreme Court, on December 31, 1984, remanded the case to the undersigned Superior Court Judge, requiring that he set out his reasons for denying the second extension. The second extension was denied for the following reasons.
>
> 1. The agency record in this case was due on November 24, 1983 (including three days service). It was not until December 5, 1983 that a motion for extension of time to file the agency record was even received. The actual record was filed on December 8, 1983.
>
> 2. After the filing of the agency record on December 8, 1983, a briefing schedule was sent out that made the appellant's opening brief due on January 9, 1984.
>
> 3. A stipulation was filed on December 30, 1983, which gave the appellant until February 8, 1984 to file her opening brief.
>
> 4. On February 4, 1984 a Xerox copy of an additional stipulation arrived for yet another extension for filing the opening brief. The original of that stipulation did not arrive in the Clerk's office until February 21, 1984. The extension was denied by order of the undersigned Superior Court Judge on February 22, 1984.
>
> 5. A motion and memorandum for reconsideration was filed on March 5, 1984 and was deemed denied after the 20 days provided by Rule 77(m), Alaska Rules of Civil Procedure.
>
> 6. The appeal was subsequently dismissed by the Clerk of the Court on April 12, 1984, since the court denied the additional extension of time and the brief had not been filed.
>
> 7. Filings in this case were consistently late from the beginning. The court had no idea when or if pleadings were going to be filed in the case; motions and stipulations were done at the whim of the attorneys, with little concern for the court or the appellate rules.

*Motions to extend a time period,* or to validate an act done after the expiration of the time period, *must comply with Rule 503.* Time periods specified in the Appellate Rules, including time periods for doing an act or filing a document in the trial court, may be extended only by the appellate courts and not by the trial court. (emphasis added).

As Rule 502(b) specifies, Rule 503 sets forth additional requirements to be met by a party seeking an extension. Rule 503(b) provides:

(b) Format. A motion filed in the appellate courts must be in the form prescribed by Rule 513.5(b). The motion must include:

(1) *A brief, complete statement of the reasons in support of the motion;*

(2) *An affidavit where the facts relating to the motion are not otherwise proven;*

(3) *If the motion is for an extension of a time period prescribed in these rules, a statement of each extension of that time period previously granted to that party, indicating the length of each extension;*

(4) The points and authorities on which the moving party relies; and

(5) An appropriate order for execution by the court should the motion be granted. (emphasis added).

■ Because the decision whether to grant or deny an extension is committed to the trial court's discretion, this court should reverse Judge Van Hoomissen's denial of an extension only if it finds he abused his discretion. *Alaska Northern Development v. Alyeska Pipeline Service Co.,* 666 P.2d 33, 42 (Alaska 1983), *cert. denied,* — U.S. —, 104 S.Ct. 706, 79 L.Ed.2d 170 (1984). This court has explained abuse of discretion as "issuing a decision which is arbitrary, capricious, manifestly unreasonable, or which stems from an improper motive." [footnote omitted] *Tobeluk v. Lind,* 589 P.2d 873, 878 (Alaska 1979).

■ At first glance the case against Sheehan seems substantial. She did not file a fully executed stipulation until February 21, 1984, thirteen days after the brief was due. Moreover, she failed to comply with the provisions of Rule 503(b) as mandated by 502(b)(2): she did not provide a statement of reasons supporting the request (503(b)(1)); nor did she provide an affidavit setting forth facts relevant to the request (503(b)(2)); nor did she state the previous extension and its length (503(b)(3)). Finally, it is worth noting that stipulations between parties are not binding on a court. *Jerrel v. Kenai Peninsula Borough School District,* 567 P.2d 760, 764 (Alaska 1977). This last point means, of course, that the trial court was not obligated to accept the lawyers' agreement to the second extension.

■ Without minimizing the importance of Sheehan's omissions and the extent of the trial court's authority in these matters, we believe that the proper resolution of this dispute hinges on consideration of the precise reasons supplied by the trial court, the lack of demonstrable prejudice suffered by the defendants or the trial court, and the policy of hearing a case on the merits.

Examination of the trial court's Statement reveals that point # 7 summarizes the two reasons for denying the second extension: Sheehan's late filings and the trial court's sense that such consistent tardiness demonstrated a lack of proper respect due the court. If the record indicated in any meaningful way that one of the parties or the trial court suffered prejudice due to these delays we would readily affirm the denial. On the record before us, however, there is no showing of prejudice and none to be gleaned inferentially.

Regarding the appellees, they agreed to the second extension which would negate any claim of harm they might advance. As for the trial court, we face a record which contains, for example, no admonitions to Sheehan to be timely due to a busy court calendar; nor do we find mention of any other practical factors explaining why continued delays would have prejudiced the

court. We believe, of course, that adherence to filing deadlines assures the most orderly handling of the Alaska courts' ever-growing caseload. Judicial efficiency and expeditiousness are two pragmatic goals whose observance ensures justice, and we intend to see those goals honored. In this case, although we find Sheehan's constant tardiness went beyond normal excusable oversight, we nonetheless find nothing in the record indicating interference with the trial court's efficient functioning.

We are equally concerned that those who avail themselves of the courts show respect for the judiciary. A party that treats a court improperly may face sanctions for serious breaches of conduct. Looking at the record in this case, we find nothing from the court indicating to Sheehan that her dilatory behavior represented an affront to the court's authority. We find no remark reminding Sheehan to inform the court immediately of agreements between the parties. Under these circumstances, we do not think Sheehan offended the court to a degree calling for the extreme sanction of dismissal. We note that the law favors deciding cases on their merits. *See Ko-Am Enterprises v. Davis,* 657 P.2d 399 (Alaska 1983) (where an action is commenced in the wrong judicial district by a good-faith mistake, transfer to the proper district is the appropriate remedy, rather than dismissal). Following this salutary policy, it may have been appropriate for the trial court to impose some sort of monetary sanction according to Appellate Rule 510 [2] rather than dismiss Sheehan's appeal entirely. Having opted for the latter extreme approach the trial court, in our view, acted arbitrarily and therefore abused its discretion.[3]

REVERSED and REMANDED.

BURKE, J., dissents.

BURKE, Justice, dissenting.

I dissent.

Sheehan's failure to meet the superior court's briefing deadline was unexcused and I see nothing in Sheehan's argument suggesting that the deadline was in any way unreasonable. Thus, her failure to file her brief within the time allowed was an adequate reason to dismiss her appeal.

I would affirm the superior court's order of dismissal.

---

2. Appellate Rule 510 provides:

(a) When Appeal Brought for Delay. Where an appeal or petition for review shall delay the proceedings in the trial court or the enforcement of the judgment or order of the trial court, and shall appear to have been filed merely for delay, monetary sanctions may be awarded in addition to interest, costs and attorney's fees.

(b) Infraction of Rules. For any infraction of these rules, the appellate court may withhold or assess costs or attorney's fees as the circumstances of the case and discouragement of like conduct in the future may require; and such costs and attorney's fees may be imposed upon offending attorneys or parties.

(c) Fines. In addition to its authority under (a) and (b) of this rule and its power to punish for contempt, the appellate court may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing by the court, if requested, impose a fine not to exceed $500 against any attorney who practices before it for failure to comply with these rules or any other rules promulgated by the Supreme Court.

3. Upon remand, once the appeal has been reinstated, nothing in our decision prevents the trial court from admonishing the parties to be timely or from imposing appropriate sanctions—even dismissal—for failure to follow the court's orders.