Marion BEAVERS, Appellant,

v.

ALASKA CONSTRUCTION, INC., AL-PAC/INA, and Alaska Workers' Compensation Board, Appellees.

No. S–3114.

Supreme Court of Alaska.

Feb. 16, 1990.

**644**

Chancy Croft, Fairbanks, for appellant.

Ann Stoloff Brown, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

The sole issue in this case is whether the superior court abused its discretion when it denied Marion Beavers' motion to accept a late appeal from a decision of the Alaska Workers' Compensation Board.

Most of the relevant facts in this case are undisputed. After receiving an adverse decision from the Alaska Workers' Compensation Board on August 24, 1988, Marion Beavers appealed the decision to the superior court. His notice of appeal was not filed until November 1, 1988, some 36 days beyond the last day permissible for an appeal under Alaska Rule of Appellate Procedure 602(a)(2).

Beavers requested relief from the filing requirement pursuant to Appellate Rule 502(b), which provides in pertinent part:

> When by these rules or by a notice given thereunder or by order of the appellate court an act is required or al-

lowed to be done at or within a specified time, the appellate court may in its discretion, either on motion of a party, showing good cause, or sua sponte:

> (1) Extend the time period, either before or after its expiration or

> (2) Validate an act done after the expiration of the time period.

Beavers contended that he was entitled to relief under the rule because his attorney [1] had wrongfully misled him into believing he would file an appeal, then failed to do so.[2] The superior court denied the relief. We affirm.

Beavers never contended below, nor does he contend on appeal, that his *attorney* can demonstrate good cause for the delay justifying relief under Rule 502(b). Rather, he asserts that the delay should be excused because *he* cannot fairly be held accountable for his attorney's conduct in failing to perform as promised.

We have soundly rejected this argument on numerous occasions. Most recently, in *Hartland v. Hartland*, 777 P.2d 636, 645 (Alaska 1989), we observed:

> Patricia argues that relief from judgment under [Civil Rule 60(b)(1)] is inappropriate because Jay's attorney's conduct did not constitute "excusable neglect." We agree. As this court stated in *Rill v. State, Dep't of Highways*, 669 P.2d 573, 576 (Alaska 1983), "*[a]n attorney's failure to act responsibly toward his or her clients when the attorney could be expected to do so constitutes inexcusable neglect.*" The *Rill* court noted that the client's appropriate remedy is an action for malpractice. *Rill*, 669 P.2d at 576 n. 1. As commentators have noted, "[o]utside the default setting, negligent errors of counsel are treated less sympathetically and relief frequently denied on the grounds that the negligent act was inexcusable." J. Friedenthal, M.

---

1. The attorney representing Beavers in the present appeal did not represent him in his appeal to the superior court.

2. Appellee Alaska Construction disputed this factual contention, and introduced evidence tending to show that the attorney's decision was a tactical one, of which the client was well aware. We need not resolve this dispute, as we conclude that, even construing the facts most favorably to Beavers, his claim must fail.

Kane, A. Miller, *Civil Procedure* 572 (1985).

(Emphasis added; footnote omitted).

Beavers' claim for relief in the instant case is based solely on the alleged negligence of his attorney in failing to perform as promised. The superior court cannot be said to have abused its discretion in refusing to relieve Beavers of " 'the consequences of the acts or omissions of [his] freely selected agent' (his attorney)." *Mely v. Morris*, 409 P.2d 979, 983 (Alaska 1966) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)).

The superior court's order denying Beavers' Motion to Accept Late Appeal is AFFIRMED.

RABINOWITZ, J., dissents.

RABINOWITZ, Justice, dissenting.

I dissent from the court's affirmance of the superior court's order denying Beavers' Motion to Accept Late Appeal. I would remand for a factual determination as to whether Beavers' initial attorney's failure to file a timely appeal was a tactical decision, of which Beavers was aware. In the event that the superior court determines counsel's failure to file a timely appeal was not a consequence of a tactical decision, and that Beavers believed in good faith that his attorney would file an appeal, I would direct the superior court to allow the late appeal pursuant to Appellate Rule 502(b). I base this approach on my dissent in *Rill v. State, Department of Highways*, 669 P.2d 573 (Alaska 1983). There I concluded that Civil Rule 60(b)(1)

can properly· be read to include within the notion of 'excusable neglect' instances in which an attorney wholly fails to represent the client's interests, assuming the client reasonably believed the attorney would provide such representation.

*Id.* at 578–79 (footnote omitted).