The CITY OF KODIAK, Appellant,

v.

Angela M. PARISH, and Columbia Cascade Company, Appellees.

No. S–8312.

Supreme Court of Alaska.

Sept. 3, 1999.

Michael D. Corey, Sandberg, Wuestenfeld & Corey, Anchorage, for Appellant.

William W. Whitaker, Winegarden & Whitaker, Kenai, for Appellee Angela M. Parish.

Neil T. O'Donnell, Atkinson, Conway & Gagnon, Anchorage, for Appellee Columbia Cascade Company.

Before MATTHEWS, Chief Justice, COMPTON, EASTAUGH, FABE, and BRYNER, Justices.

## OPINION

COMPTON, Justice.

### I. *INTRODUCTION*

Following a jury verdict which found in favor of the plaintiff and third-party defendant and against the defendant/third-party plaintiff, the third-party defendant moved for and was awarded costs and attorney's fees against the third-party plaintiff. The third-party plaintiff appeals the court's award. We affirm.

### II. *FACTS AND PROCEEDINGS*

Anthony Belzer was injured by a splinter from playground equipment owned and maintained by the City of Kodiak (Kodiak). Angela Parish, on her own behalf and as Anthony's mother, sued Kodiak for negligence. Kodiak filed a third-party complaint seeking equitable apportionment[1] of damages against Timberform, the manufacturer

---

1. *See AS 09.17.080.*

of the playground equipment. Timberform is a trade name used by Columbia Cascade Timber Company (Columbia Cascade). Kodiak's defense was that the playground equipment was either defectively designed or improperly manufactured by Columbia Cascade. Columbia Cascade answered and counterclaimed against Kodiak, asserting that Kodiak's negligence was the sole cause of Anthony's injury.

Columbia Cascade moved for partial summary judgment. It argued that while it could be found at fault, any monetary award against it would be time barred because Kodiak had filed its third-party complaint more than three years after the accident. Thus, it argued, were it found totally or partially responsible for Anthony's injury, Anthony and his mother might receive none or only a portion of their damages.

To avoid the possibility of losing a portion of her son's recovery, Angela amended her complaint, dropping herself as an individual party and adding a direct claim against Columbia Cascade on behalf of Anthony. Because Anthony was a minor, his direct claim for monetary damages would not be time barred.[2]

Though Angela filed a direct claim against Columbia Cascade, she agreed with Columbia Cascade at trial that no evidence of a defect existed. All of Angela's evidence supported the conclusion that Kodiak's improper maintenance of the playground equipment caused Anthony's injury. Likewise, Columbia Cascade's main defense was that Kodiak's inadequate maintenance was the sole cause of Anthony's injuries.

The jury found that Kodiak was 100 percent liable for Anthony's injuries. Hence the jury did not apportion damages to either Angela or Columbia Cascade.

Angela and Columbia Cascade then sought and were awarded a portion of their costs and attorney's fees from Kodiak.

Kodiak appeals the superior court's order that it pay a portion of Columbia Cascade's costs and attorney's fees. Kodiak asserts that the superior court misinterpreted Alaska Civil Rules 79(h) and 82(e), which address the allocation of costs and attorney's fees respectively between third-party plaintiffs and third-party defendants joined in an action under Alaska's equitable apportionment statute, AS 09.17.080. Kodiak does not appeal the award of costs and attorney's fees to Angela.

### III. STANDARD OF REVIEW

■ The superior court's determination regarding whether Civil Rule 82(e) applied to resolve the liability of Kodiak and Columbia Cascade to each other with respect to costs and attorney's fees requires an interpretation of the rule. Therefore, this court will apply the independent judgment standard of review.[3]

Columbia Cascade argues that two separate issues are presented and thus two standards of review apply. It agrees with Kodiak that interpretation of Civil Rule 82(e) is subject to this court's independent judgment. However, Columbia Cascade contends that the superior court's alternative basis for its decision, which was to realign the parties in accordance with their positions of "actual adversity," is subject only to an abuse of discretion standard of review. Since we do not reach the alternative basis upon which the superior court relied, we need not address whether Columbia Cascade is correct regarding the standard of review to be applied to that determination.

### IV. DISCUSSION

The Alaska Rules of Civil Procedure provide for an award of costs and attorney's fees to the prevailing party. Rule 79(a) states: "[T]he prevailing party is entitled to recover costs allowable under paragraph (f) [which delineates allowable costs] ...." Rule 82(a) uses nearly identical language: "[T]he prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."

When a defendant joins a third-party defendant under the equitable apportionment statute, as Kodiak did here, Rule 79(h) says:

---

**2.** See AS 09.10.140.

**3.** See *Airoulofski v. State,* 922 P.2d 889, 892 (Alaska 1996).

"[C]osts must be apportioned and awarded according to the provisions of Civil Rule 82(e)." Civil Rule 82(e) states in part:

> *Equitable Apportionment Under AS 09.17.080.*
>
> In a case in which damages are apportioned among the parties under AS 09.17.080, the fees awarded to the plaintiff under (b)(1) of this rule must also be apportioned among the parties according to their respective percentages of fault. If the plaintiff *did not assert* a direct claim against a third-party defendant brought into the action under Civil Rule 14(c), then (1) the plaintiff is not entitled to recover the portion of the fee award apportioned to that party; and
>
> (2) the court shall award attorney's fees between the third-party plaintiff and the third-party defendant as follows:
>
> (A) if no fault was apportioned to the third-party defendant, the third-party defendant is entitled to recover attorney's fees calculated under (b)(2) of this rule.

(Emphasis added.)

This case turns on whether the phrase "plaintiff *did not assert* a direct claim" implies a result when a plaintiff *did assert* a direct claim against a third-party defendant. The superior court concluded that it implied nothing: "[S]ubsection (e) is inapplicable here because Parish *did* assert a direct claim against Columbia Cascade. The rules for awarding attorney's fees in subsection (e) apply only where the plaintiff *did not* assert such a claim." (Emphasis added.) The court declined to imply the phrase's obverse meaning, *i.e.*, if the plaintiff *did* assert a direct claim against a third-party defendant, then the court shall *not* award attorney's fees between the third-party plaintiff and the third-party defendant.

Concluding that Civil Rule 82(e) was inapplicable, the superior court defaulted to the general Alaska rule of awarding costs and attorney's fees to the prevailing party.[4] In determining who was the "prevailing party" under the rules, the court found that Angela's claim against Columbia Cascade was "nominal and . . . not pursued by plaintiff at

trial" and "amounted to no claim at all." It further found that Kodiak's claims against Columbia Cascade "were very real and were contested fully at trial." The court concluded that "[a]s between the City [Kodiak] and Columbia Cascade, Columbia Cascade clearly was the prevailing party." Accordingly, the court ordered that Kodiak pay thirty percent of Columbia Cascade's costs and attorney's fees pursuant to the "usual provisions" of Rule 82(b).

Kodiak argues:

1. Civil Rule 82(e) is the only rule that can be applied to award attorney's fees between a third-party plaintiff and a third-party defendant. Attorney's fees can only be awarded between them when there is no direct claim against the third-party defendant by the original plaintiff. Here the original plaintiff, Angela, made such a claim; thus, no attorney's fees may be awarded between Kodiak and Columbia Cascade.

2. Columbia Cascade is not entitled to costs from Kodiak because "Alaska R. Civ. P. 79[h] states that in cases where damages are apportioned among the parties under AS 09.17.080, costs must be apportioned and awarded according to the provisions of Civil Rule 82(e)." Again, since Angela made a direct claim against Columbia Cascade, the rules do not allow for an award of costs.

Columbia Cascade responds that the trial court correctly held that Rule 82(e) is inapplicable, because it does not address the issue of who can be ordered to pay a prevailing third-party defendant's costs and attorney's fees when claims are made against the third-party defendant by both the third-party plaintiff and the plaintiff.

**A.** *The Superior Court Correctly Held that Civil Rule 82(e) Is Inapplicable because Angela Brought a Direct Claim against Columbia Cascade.*

 This case presents the question whether Rule 82(e) is applicable only in the "certain circumstances" where the plaintiff has not asserted a direct claim against a third-party defendant. To be sure, when no

---

4. *See* Alaska R. Civ. P. 79; Alaska R. Civ. P. 82.

direct claim is asserted against the third-party defendant by the original plaintiff, Rule 82(e) applies to an award of costs and attorney's fees. But Kodiak's argument is not based on the explicit text of the rule, but rather on its obverse implication.

While Kodiak's argument is not implausible, we observe that an opposite and simpler construction is permissible. The existence of Angela's direct claim against Columbia Cascade does not negate Kodiak's responsibility to pay Columbia Cascade's costs and attorney's fees, but merely renders Rule 82(e) inapplicable. Without the application of Rule 82(e), the analysis would default generally to Civil Rule 79 and Civil Rule 82, and the usual Alaska practice of awarding costs and attorney's fees to the prevailing party. This is what the superior court did.

The superior court held that "subsection (e) is inapplicable here because [Angela] did assert a direct claim against Columbia Cascade. The rules for awarding attorney's fees in subsection (e) apply only where the plaintiff did not assert such a claim." It rejected Kodiak's expansive reading of Rule 82(e), stating that it was based on "[f]allacious reasoning[ ] [that was] not stated in or contemplated by the rule." The court then observed: "Such an application also would be contrary to the general Alaska rule awarding partial attorney's fees to a prevailing party." It concluded that "[t]he usual provisions for awarding fees according to Civil Rule 82(b) apply." We agree.

B. *Rules 79(h) and 82(e) Must Be Read so that the Same Results Are Reached for Both Costs and Attorney's Fees.*

■ With regard to costs, Kodiak argues that Rule 82(e) cannot be ignored because Rule 79(h) states:

*Equitable Apportionment Under AS 09.17.080.*

In a case in which damages are apportioned among the parties under AS 09.17.080, costs *must be* apportioned and awarded according to the provisions of Civil Rule 82(e).

(Emphasis added.) According to Kodiak, Alaska R. Civ. P. 79[h] states that in cases where damages are apportioned among the

parties under A.S. 09.17.080, costs must be apportioned and awarded according to the provisions of Civil Rule 82(e). Consequently, the pre-requisite to Columbia Cascade recovering costs against Kodiak, namely that plaintiffs not assert a direct claim against Columbia Cascade is not met. Columbia Cascade's award of costs against Kodiak similarly constitutes reversible error.

If Rule 82(e) does not apply to an award of attorney's fees as between a third-party plaintiff and third-party defendant, where a plaintiff does assert a direct claim against the third-party defendant, but it does apply to costs, it is clear that different results may be obtained because of different applications of the rules.

The introductory phrases of Rule 79(h) and Rule 82(e) are identical: "In a case in which damages are apportioned among the parties under AS 09.17.080 ...." Further, while the concluding phrases of each sentence are not identical, they convey the same intent: costs and attorney's fees must be apportioned when awarded. The language which ties Rule 79(h) into Rule 82(e), "costs must be apportioned and awarded according to the provisions of Civil Rule 82(e)," does not suggest that costs are to be treated differently than attorney's fees. Indeed, the fit between Rule 79(h) and Rule 82(e) is snug.

Having concluded that Rule 82(e) does not apply with regard to attorney's fees, since Angela did assert a direct claim against Columbia Cascade, the same conclusion must follow with respect to Rule 79(h) and costs.

## V. CONCLUSION

Since Angela did assert a direct claim against Columbia Cascade, Civil Rule 82(e) does not govern the liability of Kodiak and Columbia Cascade to each other with respect to costs and attorney's fees. Accordingly, the superior court did not err in declining to apply that provision. Thus, we AFFIRM the superior court's award of costs and attorney's fees against Kodiak.