Shirley L. SHEA, Appellant,

v.

STATE of Alaska, DEPARTMENT OF ADMINISTRATION, DIVISION OF RETIREMENT AND BENEFITS, Appellee.

No. S–12869.

Supreme Court of Alaska.

April 10, 2009.

Steven J. Priddle, Law Office of Steven J. Priddle, Anchorage, for Appellant.

Brenda Page, Assistant Attorney General, Anchorage, Virginia B. Ragle, Senior Assistant Attorney General, and Talis J. Colberg, Attorney General, Juneau, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, CARPENETI, and WINFREE, Justices.

## OPINION

EASTAUGH, Justice.

## I. INTRODUCTION

We consider here whether it was an abuse of discretion not to extend by six days the time for filing a superior court administrative appeal. By order distributed May 21, 2007, the Public Employees' Retirement System (PERS) denied Shirley Shea's occupational disability benefits claim. On June 20 and June 21, Shea's lawyer attempted to file an

appeal, but was not successful until June 26, 2007, six days after the thirty-day appeal deadline. The superior court denied Shea's requests to accept the appeal, effectively rejecting the appeal as untimely. Because Shea demonstrated good cause for an extension and because there was no showing of prejudice to the state or the court, we hold that it was an abuse of discretion not to extend the appeal deadline under Alaska Appellate Rule 502(b)(2).

## II. FACTS AND PROCEEDINGS

When Shirley Shea, a state employee, applied for both occupational and non-occupational disability benefits, the administrator found that Shea was eligible only for non-occupational disability benefits. Shea appealed to the Office of Administrative Hearings, and an administrative law judge drafted an opinion denying her appeal. The Office of Administrative Hearings issued an order adopting the draft opinion on May 21, 2007, and on the same day mailed the opinion and order to Shea's attorney, Steven J. Priddle, and to the Assistant Attorney General representing the state. The order adopting the opinion stated that it was the "final administrative determination in this matter" and that judicial review could be obtained "by filing an appeal in the Alaska Superior Court in accordance with Alaska R.App. P. 602(a)(2) within 30 days after the date of this decision."

According to affidavits later filed in the superior court, employees of Priddle's law office first attempted to file Shea's superior court appeal on Wednesday, June 20, thirty days after the administrative opinion and order were mailed. But the court clerk erroneously informed them that the appeal had to be taken to the Alaska Workers' Compensation Board for filing.[1] After then unsuccessfully attempting to file Shea's appeal at the Workers' Compensation Board that same day, the employees returned to the court-

house to try again but arrived after it had closed. On the morning of Thursday, June 21, one of the employees returned to the court and again attempted to file the appeal "but was again refused by the clerk of court because of a caption issue and bond requirement."[2]

In an affidavit, Shea's attorney explained to the superior court that he then intended to file Shea's amended notice of appeal on Monday, June 25, but was unable to do so because his motor home suffered a mechanical failure and left him stranded at Valdez Creek until after the court had closed.

On Tuesday, June 26, 2007, thirty-six calendar days after the administrative order was mailed, Shea's representatives filed the notice of appeal and a motion for late filing. The state opposed the motion. The superior court denied the motion for late filing without prejudice, and invited Shea to file a second motion to accept late filing of appeal demonstrating "good cause" for the late filing.

Shea filed a motion for reconsideration. The motion argued that the deadline for filing was actually June 25, 2007, and that the superior court should relax the thirty-day filing deadline because exigent circumstances prevented Shea's attorney from filing by June 25, resulting in what the motion described as a one-day delay, to June 26. The state opposed the motion, arguing that the deadline for filing was June 20 and that Shea had failed to establish grounds for relaxing Appellate Rule 602(a). The superior court denied the motion for reconsideration. The parties seem to agree that the order denying Shea's motion for reconsideration terminated the administrative appeal.

Shea appealed the denial. On November 5, 2008, we heard oral argument on her appeal, and on November 7 we issued an

---

**1.** The clerk's mistaken belief that Shea's appeal should have been filed with the Alaska Workers' Compensation Board may have been attributable to aspects of Shea's notice of appeal, including an erroneous reference to "proceedings ... before the Alaska Workers' Compensation Board," failure to identify the agency from which the appeal was being taken, and references to employment-related disability. The record does not

contain copies of the papers the employees were said to have tried to file on June 20, but does contain copies of the papers the employees attempted to file on June 21.

**2.** The appeal papers did not include the $750 cost bond or cash deposit required by Alaska Appellate Rule 602(e)-(g).

order reversing the denial order and remanding with instructions to allow the appeal.[3] This opinion explains why we issued that order.

## III. DISCUSSION

### A. Standard of Review

We review de novo a superior court's interpretation of court rules,[4] and exercise our independent judgment in interpreting court rules.[5] Under the independent judgment standard we adopt the rule of law that is most persuasive in light of precedent, reason, and policy.[6]

We review for abuse of discretion a superior court's decision to grant or deny an extension of time.[7] A court abuses its discretion if it issues a decision that is "arbitrary, capricious, manifestly unreasonable, or ... stems from an improper motive."[8]

### B. The Deadline for Filing Shea's Appeal Was June 20.

Appellate Rule 602(a)(2) states in pertinent part that "[a]n appeal may be taken to the superior court from an administrative agency within 30 days from the date that the decision appealed from is mailed or otherwise distributed to the appellant." The deadline for filing an appeal from the administrative order distributed on May 21, 2007 was June 20, 2007.

Shea argues on appeal, as she did in the superior court, that the deadline for filing was June 25. Relying on former Appellate Rule 502(c), she contends that the deadline was extended by three days because the agency decision being appealed was mailed.[9] She reasons that the deadline then would have fallen on June 23, a Saturday; per Appellate Rule 502(a), this would have given Shea until the end of the day on Monday, June 25, in which to file her appeal.[10]

Former Rule 502(c) extended deadlines by three days after a document was "served" by mail; documents distributed by courts are not "served." Parties, not courts, "serve" documents. Former Rule 502(c) therefore did not extend Shea's time for filing her notice of appeal.[11]

---

3. Our November 7 order is attached as Appendix A.

4. *Cameron v. Hughes*, 825 P.2d 882, 884 n. 2 (Alaska 1992) (holding that superior court's interpretation of appellate rule is reviewed de novo).

5. *City of Kodiak v. Parish*, 986 P.2d 201, 202 (Alaska 1999) (holding that we apply independent judgment standard of review when interpreting court rules); *Ford v. Municipality of Anchorage*, 813 P.2d 654, 655 (Alaska 1991) (stating that "[s]ince this case involves the interpretation of a civil rule, we exercise our independent judgment").

6. *Ford*, 813 P.2d at 655 (citing *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979)).

7. *Dobrova v. State, Dep't of Revenue, Child Support Servs. Div.*, 171 P.3d 152, 156 (Alaska 2007) (holding that superior court did not abuse its discretion by declining to extend time to file appeal); *Sheehan v. Univ. of Alaska*, 700 P.2d 1295, 1297 (Alaska 1985) (holding that it was abuse of discretion for superior court to decline to extend time to file appellate brief).

8. *Dobrova*, 171 P.3d at 156 (quoting *Sheehan*, 700 P.2d at 1297).

9. Appellate Rule 502(c) was amended, effective October 15, 2007. Supreme Court Order 1639. The version of the rule in effect when Shea filed her notice of appeal read:

 **Additional Time After Service by Mail.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or other paper is served upon the party by mail, three days shall be added to the prescribed period. This paragraph does not extend any time period calculated from a date under Civil Rule 58.1 or Criminal Rule 32.3.

10. Appellate Rule 502(a) states, in pertinent part, "The last days of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither Saturday, Sunday nor a holiday."

11. Shea also argued in the superior court that Appellate Rule 502(a) extended her deadline by one day because Memorial Day should have been excluded. Appellate Rule 502(a) states in pertinent part that *"[w]hen the period of time prescribed or allowed is less than seven days,* intermediate ... holidays shall be excluded in the computation."* (Emphasis added.) Because the filing period was thirty days, and not "less than seven days," Appellate Rule 502(a) was plainly inapplicable.

Shea apparently attempted to file in a timely manner on June 20 and, when her attorney's representatives were unable to do so that day, she unsuccessfully attempted to file one day later; ultimately she successfully filed the papers on June 26. Shea's notice of appeal was therefore six days late when it was filed on June 26.

## C. It Was an Abuse of Discretion Not To Extend the Deadline.

 Shea also argues that an extension under Appellate Rule 502(b) should have been granted, whether the deadline was June 20 or June 25.[12]

Appellate Rule 502(b) states that an appellate court "may in its discretion … on motion of a party[ ] showing good cause … [v]alidate an act done after the expiration of [a specified] time period."[13] This rule applies to a superior court acting as an appellate court considering an administrative appeal.[14]

At oral argument before us the state appeared to argue that, instead of applying Appellate Rule 502(b)'s good-cause analysis, we have applied Appellate Rule 521's surprise or injustice analysis to cases reviewing late-filed notices of appeal. But there is no doubt that the express text of Appellate Rule 502(b) permits an appellate court to validate an act done after the expiration of the applicable time period, and we have relied on Appellate Rule 502(b) in deciding whether intermediate appellate courts abused their discretion by declining to extend the time in which to file an appeal.[15] It is therefore necessary in this case to decide whether it was an abuse of discretion not to grant Shea's request to extend the time to commence the appeal under Appellate Rule 502(b).

The state alternatively contended at oral argument before us that even if Appellate Rule 502(b) did apply, the superior court implicitly found no good cause in this case. The state contended that there was no good cause because the delay was solely attribut-

---

12. Shea did not move in the superior court for an extension of time under Appellate Rule 502(b). Her failure to ask for relief under that rule in the superior court does not preclude her from relying on it here. The plain error rule allows us to review issues not raised in the superior court if "an obvious mistake has been made which creates a high likelihood that injustice has resulted." *Tenala, Ltd. v. Fowler*, 921 P.2d 1114, 1124 (Alaska 1996) (quoting *Miller v. Sears*, 636 P.2d 1183, 1189 (Alaska 1981)) (holding that it was plain error to dismiss counter- and cross-claims with prejudice because opposing parties would not have been prejudiced by less severe sanction of dismissal without prejudice). All of the factual circumstances requiring relief under Appellate Rule 502(b) were established in Shea's superior court motion papers arguing other theories for allowing the appeal.

Notwithstanding our sympathy for courts when the lawyers fail to cite controlling authority, it would be a grave injustice to foreclose an administrative appeal under the factual circumstances advanced by Shea in the court below.

13. Appellate Rule 502(b) reads:

**Rule 502. Time—Computation and Extension.**

. . . .

(b) **Extensions of Time.** When by these rules or by a notice given thereunder or by order of the appellate court an act is required or allowed to be done at or within a specified time, the appellate court may in its discretion, either

on motion of a party, showing good cause, or sua sponte:

(1) Extend the time period, either before or after its expiration or

(2) Validate an act done after the expiration of the time period.

Motions to extend a time period, or to validate an act done after the expiration of the time period, must comply with Rule 503. Time periods specified in the Appellate Rules, including time periods for doing an act or filing a document in the trial court, may be extended only by the appellate courts and not by the trial court. In a matter requesting review of or appealing a criminal conviction or sentence, this rule does not authorize an appellate court, or the superior court acting as an intermediate appellate court, to validate the filing of a notice of appeal, petition for review, or petition for hearing more than 60 days after the expiration of the time specified in the rule or statute or in the last extension of time previously granted.

14. Appellate Rule 601(c) states, "[o]n any point not addressed in [the section containing rules regarding the superior court as an appellate court], procedure in appeals to the superior court shall be governed by the provisions of Parts Two and Five of these rules . . . ."

15. *Dobrova v. State, Dep't of Revenue, Child Support Servs. Div.*, 171 P.3d 152 (Alaska 2007); *Beavers v. Alaska Constr., Inc.*, 787 P.2d 643 (Alaska 1990).

able to the errors of Shea and Priddle, who waited until the "last minute" and then filed "extremely deficient" pleadings.

We have considered whether it was an abuse of discretion not to extend the time for filing notices of appeal in two cases, *Beavers v. Alaska Construction, Inc.*[16] and *Dobrova v. State, Department of Revenue, Child Support Services Division.*[17] We held in both cases that the superior court did not abuse its discretion by declining to extend the time under Appellate Rule 502(b).[18] Both are distinguishable. In *Beavers* we held that it was not abuse of discretion to deny a motion for extension of time when an attorney failed to file an appeal by the deadline.[19] We noted that "Beavers never contended below, nor does he contend on appeal, that his *attorney* can demonstrate good cause for the delay justifying relief under Rule 502(b)."[20] In this case Shea's lawyer demonstrated good cause for the delay. *Beavers* is therefore inapplicable.

In *Dobrova* we held that the superior court did not abuse its discretion when it denied Dobrova's motion to accept an untimely appeal.[21] We reasoned that "the superior court file [at the time of the denial] unequivocally showed that [Dobrova's attorney] received actual notice of the order on remand more than thirty days before Dobrova sought to file his untimely appeal from that order; and Dobrova failed to advance any facts to dispute this showing or to justify his delay after receiving the notice."[22] But we also remanded for reconsideration of the motion in light of supplemental information that might demonstrate good cause.[23] Here, although actual notice of the order was mailed to Shea's representatives more than thirty days before they finally filed the untimely appeal, they alleged unrebutted facts in the superior court justifying most of the delay. *Dobrova* is therefore inapplicable.

We disapprove any language in *Dobrova* that can be read to require a movant under Appellate Rule 502(b) to show "excusable neglect" in a motion to validate an act done after the expiration of the time period.[24] Former Appellate Rule 38(b), the predecessor to Appellate Rule 502(b)(2), authorized a post-expiration extension of time upon a showing of either "cause" or "excusable neglect."[25] In 1980 Alaska Supreme Court Order 439 renumbered Appellate Rule 38(b) as Appellate Rule 502(b)(2), and amended it to eliminate the "excusable neglect" language.[26] Appellate Rule 502(b) now requires only a showing of good cause for an out-of-time application for extension of time.

By comparison, Alaska Rule of Civil Procedure 6(b) contains an explicit provision authorizing enlargement after expiration of the specified period "where the failure to act was the result of excusable neglect." A movant under Appellate Rule 502(b)(2) is not required to make that showing.

*Dobrova* cited *Hartland v. Hartland*[27] for the proposition that a showing of excusable neglect was sufficient to warrant relief under Alaska Rule of Civil Procedure 60(b).[28] *Hartland* is inapposite because the text of Civil Rule 60(b)(1), the rule at issue there, explicitly authorizes relief from a judgment upon a showing of "excusable neglect." The text of Appellate Rule 502(b)(2) authorizes an

---

**16.** *Beavers v. Alaska Constr., Inc.*, 787 P.2d 643 (Alaska 1990).

**17.** *Dobrova v. State, Dep't of Revenue, Child Support Servs. Div.*, 171 P.3d 152 (Alaska 2007).

**18.** *Dobrova*, 171 P.3d at 158; *Beavers*, 787 P.2d at 644–45.

**19.** *Beavers*, 787 P.2d at 644.

**20.** *Id.* (emphasis in original).

**21.** *Dobrova*, 171 P.3d at 158.

**22.** *Id.* at 157.

**23.** *Id.* at 159.

**24.** *Id.* at 157–58.

**25.** Alaska Supreme Court Order No. 439 (Oct. 21, 1980); Alaska Supreme Court Order No. 259 (Nov. 5, 1976).

**26.** Alaska Supreme Court Order No. 439 (Oct. 21, 1980).

**27.** *Hartland v. Hartland*, 777 P.2d 636, 644–45 (Alaska 1989).

**28.** *Dobrova*, 171 P.3d at 157.

extension of time upon a showing of "good cause."

■ Shea's motion for reconsideration demonstrated good cause under Appellate Rule 502(b)(2) for a six-day extension of the deadline to file her appeal. We must therefore determine whether the court abused its discretion by denying the motion for reconsideration.[29]

In *Sheehan v. University of Alaska* the superior court denied Sheehan's request for a second extension of—time to which the appellees had stipulated—to file an opening brief in her administrative appeal, and then dismissed the appeal.[30] We held that it was an abuse of discretion to·dismiss the appeal because the court "acted arbitrarily" in "opt[ing] for the ... extreme approach" of dismissing Sheehan's appeal instead of a lesser sanction.[31] In so holding, we considered both that Sheehan's dilatory behavior was significant and that a superior court has considerable discretion in these matters.[32] But we ultimately decided that "proper resolution of this dispute hinges on consideration of the precise reasons supplied by the trial court, the lack of demonstrable prejudice suffered by the defendants or the trial court, and the policy of hearing a case on the merits."[33]

■ Here the superior court did not give explicit reasons for denying Shea's motion for reconsideration. Its order simply stated that Shea "failed to make a sufficient showing that the [deadline] should not be enforced." We therefore consider the prejudice to the state and to the court, and the policy of hearing cases on their merits.

As in *Sheehan*, there is no plausible indication that Shea's six-day delay prejudiced the state or the court. The state alleged no prejudice below. Before us it contends only that it would be prejudiced "by the need to determine the amounts of benefits that must be paid in the coming year, and the amounts of contributions that must be made to PERS to fund those benefits." This contention was waived because it was not asserted below,[34] where Shea might have challenged the factual basis for any claim of prejudice attributable to the delay. In any event, the state's argument is unpersuasive because it is unsupported by any facts, disputed or otherwise, and because it is not self-evident that the brief delay in this case materially hindered the state's ability to plan benefits and contributions for the coming year.

There is likewise no indication the court was prejudiced. In *Sheehan*, although we noted that "Sheehan's constant tardiness went beyond normal excusable oversight," we concluded that nothing indicated that her "dilatory behavior represented an affront to the court's authority."[35] The court identified no prejudice in its orders denying Shea's first motion and her motion for reconsideration. Shea's behavior was less egregious than that which we found insufficient in *Sheehan*.

■ "[T]he law favors deciding cases on their merits."[36] There is no reason not to adhere to that policy in this case, given the brief delay, the prima facie showing of good

---

**29.** A motion for reconsideration normally may not raise arguments not made previously. *Cf. Katz v. Murphy*, 165 P.3d 649, 661 (Alaska 2007) ("Alaska Civil Rule 77(k), which governs motions for reconsideration, does not allow the moving party to raise new grounds as a basis for reconsideration; instead the rule only allows reconsideration of points that were overlooked or misconceived despite having been properly raised."). But here the court denied Shea's original motion "without prejudice" and expressly invited a second motion. Although Shea styled the second motion a "motion for reconsideration," that motion permissibly raised new arguments and new facts in light of the court's invitation.

**30.** *Sheehan v. Univ. of Alaska*, 700 P.2d 1295, 1295–96 (Alaska 1985).

**31.** *Id.* at 1298.

**32.** *Id.*

**33.** *Id.*

**34.** *Lee v. State*, 141 P.3d 342, 352 (Alaska 2006) (citing *Miller v. Sears*, 636 P.2d 1183, 1189 (Alaska 1981) ("We decline to review claims not raised below except to the extent that they may constitute plain error. Plain error exists where an obvious mistake has been made which creates a high likelihood that injustice has resulted.")).

**35.** *Sheehan*, 700 P.2d at 1298.

**36.** *Id.*

faith attempts to file in a timely manner, and the absence of prejudice.

The state has listed alleged deficiencies in the notice of appeal and the attempts to file and serve.[37] Considering the brevity of the delay and the absence of prejudice, these deficiencies have no bearing on the good cause issue in this case. Moreover, despite any deficiencies, the appeal papers unsuccessfully submitted June 20 and June 21 demonstrate the good faith of Shea's representatives in trying to file a timely appeal.

Shea also argues that it was an abuse of discretion not to relax Appellate Rule 602(a)(2) under Appellate Rule 521, which allows rules to be "relaxed or dispensed with by the appellate courts where a strict adherence to them will work surprise or injustice." Given our discussion of Appellate Rule 502(b)(2), it is not necessary to consider whether it was an abuse of discretion to decline to relax Appellate Rule 602(a)(2) under Appellate Rule 521.

## IV. CONCLUSION

We therefore confirm our November 7, 2008 order that REVERSED the order denying Shea's motion for reconsideration and that REMANDED this matter to the superior court for further proceedings.

### APPENDIX A

**In the Supreme Court of the State of Alaska**

Shirley L. Shea,

Appellant,

v.

State of Alaska, Department of Administration, Division of Retirement and Benefits,

Appellee.

---

**37.** The alleged deficiencies include failure to "identify the agency that was a party to the appeal before the [Office of Administrative Hearings] or show service on the head of the agency as required by Appellate Rule 602(c)(1)(E)"; "[t]he notice erroneously stated that the [Office of Administrative Hearings] decision from which the appeal was taken was issued on April 6, 2007"; "[t]he notice was not accompanied by a cost bond as required by Appellate Rule 602(c)(1)(C) or a motion for extension of time to file the cost bond under Appellate Rule 602(c)(2)"; and "[t]he designation of transcript filed with the notice erroneously referred to proceedings before the Alaska Workers' Compensation Board, appeals from which are outside the jurisdiction of the superior court."

Supreme Court No. S–12869

### Order

Date of Order: **November 7, 2008**

Trial Court Case # 3AN–07–8162 CI

Before: Fabe, Chief Justice, Matthews, Eastaugh, Carpeneti, and Winfree, Justices.

This case concerns the timeliness of an administrative appeal appellant filed in the superior court in June 2007. The appeal should have been commenced June 20, 2007. After unsuccessful attempts to file beginning June 20, the appeal was not successfully filed until June 26. The superior court ultimately rejected the appeal as untimely on the ground appellant failed to make a sufficient showing that the appellate rules should not be enforced. Appellant appeals that ruling to us.

Upon consideration of the parties' briefs, the record on appeal, and the oral arguments presented November 5, 2008,

IT IS ORDERED:

1. The superior court order of August 23, 2007 denying appellant's motion for reconsideration is REVERSED. Appellant demonstrated good cause under Appellate Rule 502(b)(2) for an enlargement of time of six days in which to commence or perfect the appeal, and it was an abuse of discretion not to grant the motion for reconsideration and accept the notice of appeal. It was therefore error to dismiss the appeal.

2. This matter is REMANDED to the superior court for further proceedings.

3. An opinion elaborating on the basis for this order will be issued.

Clerk of the Appellate Courts
/s/ Tiffany Muñoz
Tiffany Muñoz, Deputy Clerk