NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

LOT O4B&5C BLOCK 83 TOWNSITE, )
                                     )    Supreme Court No. S-14033
            Appellant,     )
                                     )    Superior Court No. 4FA-08-01704 CI
     v.                     )
                                   )    MEMORANDUM OPINION
FAIRBANKS NORTH STAR        )        AND JUDGMENT*
BOROUGH,                 )
                                   )
           Appellee.     )    No. 1409 - February 8, 2012
                                   )

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Paul R. Lyle, Judge.

Appearances: Wolfgang Falke, pro se, Fairbanks, Appellant. Cynthia M. Klepaski, Assistant Borough Attorney and A. René Broker, Borough Attorney, Fairbanks, for Appellee.

Before: Carpeneti, Chief Justice, Fabe, Winfree, and Stowers, Justices. [Christen, Justice, not participating.]

## I.    FACTS, PROCEEDINGS, AND ARGUMENTS ON APPEAL

This case's underlying facts can be found in three previous decisions of this court.[1] As the statutory redemption period after judgment in 2008 foreclosure

---

[1]    *Lot 04B & 5C, Block 83 Townsite v. Fairbanks N. Star Borough*, 261 P.3d 422 (Alaska 2011) (*Lot 04B III*); *Lot 04B & 5C, Block 83 Townsite v. Fairbanks N. Star Borough*, Mem. Op. & J. No. 13190, 2010 WL 3447871 (Alaska, Sept. 1, 2010) (*Lot*
(continued...)

---

\*    Entered pursuant to Alaska Appellate Rule 214.

proceedings was about to expire, the affected property owner, Wolfgang Falke, moved for an enlargement of the redemption period. After denying Falke's request for oral argument on the motion, the superior court granted a stay of the Fairbanks North Star Borough's (FNSB) continued foreclosure efforts subject to Falke's either paying the delinquent taxes under protest or posting a bond within 15 days.

Without paying the delinquent taxes under protest or posting the bond, Falke moved for reconsideration, arguing that the 15-day period was insufficient time for him to file an appeal from the order. The superior court took the motion under advisement and directed FNSB to respond. Having verified that Falke had not paid the delinquent taxes or filed the required bond within the 15-day window, two days before the trial court distributed its order directing FNSB to respond to Falke's reconsideration motion, FNSB arranged for publication of legal notice that the redemption period had expired. FNSB then responded to the reconsideration motion. Falke moved for: (1) sanctions against FNSB for continuing the foreclosure process; and (2) restitution for any foreclosure expenses chargeable to the property that were incurred in connection with the legal advertising.

The superior court denied the reconsideration motion. Falke then posted the required bond without giving FNSB notice. Falke moved on an expedited basis for a temporary restraining order preventing FNSB from obtaining a deed to the property. The superior court granted expedited consideration but denied the motion for a temporary restraining order.[2] The superior court later denied Falke's motion for

---

[1]     (...continued)
*04B II*); *Lot 04B & 5C, Block 83 Townsite v. Fairbanks N. Star Borough*, 208 P.3d 188 (Alaska 2009) (*Lot 04B I*).

[2]     It appears that once FNSB learned the bond had been posted, it ceased
(continued...)

sanctions, noting that Falke's motion for reconsideration of the stay order did not operate as a stay of the foreclosure proceedings.

Falke appeals: (1) the denial of oral argument on his motion for enlargement of the statutory redemption period; (2) the requirement he either pay the delinquent taxes under protest or post a bond to stay the foreclosure proceedings; (3) actions taken with respect to his motion for reconsideration; and (4) the denial of his motion for sanctions against FNSB.

## II.    STANDARD OF REVIEW

When reviewing questions of law, we apply our independent judgment, "adopting 'the rule of law most persuasive in light of precedent, reason, and policy.' "[3] We also apply our independent judgment when interpreting statutes[4] and court rules.[5]

We review a superior court's decision to grant or deny an extension of time for abuse of discretion.[6] Similarly, the decision to allow oral argument on a motion is in the judge's discretion, except on dispositive motions,[7] and we review denials for error

---

[2]    (...continued)
foreclosure proceedings.

[3]    *Lot 04B I*, 208 P.3d at 191 (Alaska 2009) (quoting *Jacob v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 177 P.3d 1181, 1184 (Alaska 2008)).

[4]    *Id.* (quoting *Parson v. State, Dep't of Revenue, Alaska Hous. Fin. Corp.*, 189 P.3d 1032, 1036 (Alaska 2008)).

[5]    *Shea v. State, Dep't of Admin., Div. of Ret. & Benefits*, 204 P.3d 1023, 1026 (Alaska 2009) (citing *City of Kodiak v. Parish*, 986 P.2d 201, 202 (Alaska 1999)).

[6]    *Id.* at 1026 (citing *Dobrova v. State, Dep't of Revenue, Child Support Servs. Div.*, 171 P.3d 152, 156 (Alaska 2007); *Sheehan v. Univ. of Alaska*, 700 P.2d 1295, 1297 (Alaska 1985)).

[7]    Alaska R. Civ. P. 77(e)(2).

and substantial prejudice.[8]  We also apply the abuse of discretion standard when reviewing reconsideration motion denials,[9] orders requiring a supersedeas bond,[10] and decisions whether to sanction parties.[11]  We will find an abuse of discretion "only if, based on a review of the whole record, we are left with a definite and firm conviction that a mistake has been made."[12]

## III.  DISCUSSION

### A.  Oral Argument

The motion for an enlargement of the redemption period was not a dispositive motion within the meaning of Alaska Civil Rule 77(e)(2), which provides that oral argument on non-dispositive motions "shall be held only in the discretion of the judge."  The Rule lists several specific examples of dispositive motions, such as motions to dismiss, motions for summary judgment, and motions for judgment on the pleadings, and includes a catch-all provision for "other dispositive motions[.]"  Falke argues that his motion fits within this catch-all provision because "the trial court exercised final authority in determining said motion and thereby turned the power for further

---

[8]  *Bennett v. Hedglin*, 995 P.2d 668, 674 (Alaska 2000) (quoting *Cleary Diving Serv., Inc. v. Thomas, Head & Greisen*, 688 P.2d 940, 942 (Alaska 1984)).

[9]  *Brotherton v. Warner*, 240 P.3d 1225, 1228-29 (Alaska 2010) (citing *Smith v. Groleske*, 196 P.3d 1102, 1105 (Alaska 2008)).

[10]  *Jourdan v. Nationsbanc Mortg. Corp.*, 42 P.3d 1072, 1080 (Alaska 2002) (citing *Breck v. Moore*, 910 P.2d 599, 609 (Alaska 1996)).

[11]  *Hertz v. Carothers*, 225 P.3d 571, 573-74 (Alaska 2010) (citing *Hertz v. Carothers*, 174 P.3d 243, 245 (Alaska 2008)); *Enders v. Parker*, 125 P.3d 1027, 1031 (Alaska 2005).

[12]  *Enders*, 125 P.3d at 1031 n.19 (quoting *Alden H. v. State, Office of Children's Servs.*, 108 P.3d 224, 228 (Alaska 2005)).

determination of the matter over to the authority of the highest court." The term "dispositive motion" requires more than merely that a judge made a final decision on a motion; such a definition would encompass every motion. Dispositive motions have the effect of extinguishing, or disposing of, a claim or the entire case if granted. Neither a motion for an enlargement of a redemption period nor a motion to stay disposes of a case; each seeks to delay the next step in the litigation.

The parties fully briefed the motion for enlargement of the redemption period and denying oral argument on the non-dispositive motion was well within the superior court's discretion.

## B. Cash Bond

In connection with the appeal from the 2005 foreclosure proceedings, we held that the superior court did not abuse its discretion in requiring Falke to post a bond to stay the execution of a foreclosure judgment.[13] We reiterate that the superior court has the discretion to require such a bond under these circumstances and we conclude, for the same reasons set out in the earlier case, that the superior court did not abuse its discretion in requiring a bond for a continuation of the redemption period in these 2008 foreclosure proceedings.

## C. Reconsideration

Rule 77(k)(2) does not require a court to reconsider a decision. Here the stated reason for requesting reconsideration was that the superior court did not take into account that the 15-day period for posting the bond did not allow sufficient time to appeal the order. The superior court did not abuse its discretion in denying reconsideration for this reason because Falke did not show that the superior court overlooked the time available for filing an appeal, or that it otherwise overlooked or

---

[13]    *Lot 04B II*, at \*2-3.

misconceived a material fact or proposition of law.[14]

We have never held that a motion for reconsideration operates as a stay of the underlying order, the Civil Rules do not suggest that a motion for reconsideration operates as such a stay, and Falke presents no authority to the contrary. It is true that a reconsideration motion tolls the time for filing an appeal, but that alone provides no basis for concluding that a reconsideration motion stays the underlying order. Here the superior court granted the motion for an enlargement of time for the redemption period subject to the posting of a bond; even if the reconsideration motion somehow stayed that order, the ultimate impact would be of no effect on the redemption period. We therefore conclude that the reconsideration motion had no legal effect on the running or timing of the redemption period.

D.     Sanctions

Because FNSB's positions were legally sound, the superior court did not abuse its discretion by denying sanctions against FNSB's attorney.

IV.    CONCLUSION

We AFFIRM the decisions of the superior court.

---

[14]     Alaska R. Civ. P. 77(k).