NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

FELIPE M. ESPINDOLA, )
                         )    Supreme Court No. S-16906
           Appellant, )
                         )    Alaska Workers' Compensation
   v.                    )    Appeals Commission No. 17-019
                         )
PETER PAN SEAFOODS, INC., TOKIO )    MEMORANDUM OPINION
MARINE AMERICAN INSURANCE    )       AND JUDGMENT*
COMPANY, and ENSTAR US, f/k/a    )
SEABRIGHT INSURANCE COMPANY,)    No. 1697 – October 10, 2018
                         )
           Appellees. )
                         )

Appeal from the Alaska Workers' Compensation Appeals Commission.

Appearances: Felipe M. Espindola, pro se, Grandview, Washington, Appellant. Michelle M. Meshke, Russell Wagg Meshke & Budzinski, Anchorage, for Appellees.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

I.     **DISCUSSION**

Felipe Espindola is an itinerant worker who was injured in 2009 and 2012 while working for Peter Pan Seafoods, Inc. In 2013 and again in 2014 Peter Pan controverted Espindola's workers' compensation benefits related to both injuries. The

---

    *       Entered under Alaska Appellate Rule 214.

Alaska Workers' Compensation Board held a hearing in August 2017. Espindola appeared and participated in the hearing without an attorney.

On September 20, 2017 the board released its final decision and order, concluding that Espindola's work-related injuries were not the substantial cause of his need for medical treatment and denying his claims. The 13-page decision included a standard advisement of appeal procedures, which included a notice that any "proceedings to appeal must be initiated . . . within 30 days."

On October 3, 2017 a clerk at the board emailed the appeals clerk at the Alaska Workers' Compensation Appeals Commission. The email indicated that the board clerk had been contacted regarding Espindola's interest in appealing the board's decision. The email requested that the appeals clerk send Espindola the necessary forms and noted that Espindola "is Spanish speaking."

On the same day, the appeals clerk responded that she would mail the standard appeal packet to Espindola. The clerk apparently did so — sending him an "Appellant Package" of forms, in English, for self-represented litigants.

On the morning of October 24 the appeals clerk received a phone call from "a woman call[ing] on behalf of Mr. Espindola" because "Mr. Espindola does not speak English." The clerk explained to the caller that the appeal deadline had passed on October 20, but that Espindola could still file his appeal along with a motion to accept the late appeal. The clerk directed the caller to the appropriate forms that had to be filed.

On October 30 the commission received nine pages of completed appeal forms from Espindola, including a motion for an extension of time and a motion for a routine extension of time, dated October 24. His motion for extension noted that he

needed the extra time because his "job doesn't give me time."[2] Peter Pan opposed Espindola's motions for an extension of time on November 1, arguing that "[p]ress of business does not constitute . . . good cause" and that Espindola "wrongly indicated" that he had contacted them and they did not oppose his motion for extension. The regulation authorizing motions for routine extension did not permit Peter Pan to oppose that motion.[3]

In November 2017 the commission denied the motion for an extension of time to file his notice of appeal without any reference to Espindola's request for a routine extension of time. The decision summarized the events leading to Espindola's filing the motion and the parties' arguments about the motion for late-filing, but offered no legal conclusion in support of its decision.

The commission's authority over appeals from the board is specified in its regulations. One regulation, 8 AAC 57.140, provides for routine extensions of time to file a notice of appeal.[4] Another, 8 AAC 57.270, permits the chair or the commission to relax the applicable rules if "strict adherence . . . would work injustice" and "the change would assist in facilitating the business of the commission or advance the prompt, fair, and just disposition of appeals."

Our case law concerning the court's duty to assist self-represented litigants similarly applies to the Workers' Compensation Board, and logically extends to the Workers' Compensation Appeals Commission.[5] The Alaska Workers' Compensation

---

[2]     Espindola was then working six days a week as a field hand.

[3]     8 Alaska Administrative Code (AAC) 57.140(b) (2011).

[4]     8 AAC 57.140(h) (2011).

[5]     *Bohlmann v. Alaska Constr. & Eng'g, Inc.*, 205 P.3d 316, 320 (Alaska
                                                                    (continued...)

Act was enacted for the employees' benefit.[6] And we have long held that the workers' compensation division owes to every applicant the duty of fully advising the applicant of what needs to be done to pursue his or her legal rights.[7]

Here the commission was advised that Espindola did not speak, and presumably did not write, English. The record makes clear that he is an itinerant worker who works a variety of manual jobs for employers across the northwestern United States. Despite this knowledge and despite its apparent authority to relax the rules to avoid injustice, the commission denied Espindola's motion for an extension of time to file his appeal without any explanation.

We assume, without deciding, that the commission's decision should be reviewed under an abuse of discretion standard.[8] We hold that the commission abused its discretion in denying Espindola's appeal, in which he contends the board failed to consider his doctors' opinions — from medical records on file — about the work-relatedness of his injury. We therefore reverse the commission's denial and remand Espindola's case to the commission to allow him to file an appeal from the board's decision.

---

[5] (...continued)
2009) ("The board, as an adjudicative body with a duty to assist claimants, has a duty similar to that of courts to assist unrepresented litigants.").

[6] *See Richard v. Fireman's Fund Ins. Co.,* 384 P.2d 445, 449 n.15 (Alaska 1963) ("The Workmen's Compensation Act was enacted for the benefit of the employee.") (quoting *Yurkovich v. Indus. Accident Bd.*, 314 P.2d 866, 870 (Mont. 1957)); *see also* AS 23.30.001.

[7] *Richard*, 384 P.2d at 449.

[8] *See Beavers v. Alaska Constr., Inc.*, 787 P.2d 643, 644 (Alaska 1990) (reviewing the superior court's denial of a motion for an extension of time to file a notice of appeal from a board decision for an abuse of discretion).