KATMAILAND, INC., Lorane Owsichek d/b/a Fishing Unlimited, Inc., Larry Todd d/b/a Todd's Igiugig Lodge, and Richard Matthews d/b/a Enchanted Lake Lodge, Appellants,

v.

**LAKE AND PENINSULA BOROUGH,** a Home Rule Alaska Municipal Corporation, Appellee.

No. S–6400.

Supreme Court of Alaska.

Oct. 6, 1995.

D. Scott Dattan, Law Office of D. Scott Dattan, Anchorage, for Appellants.

Bruce E. Falconer and Jeffrey Scott Moeller, Hicks, Boyd, Chandler & Falconer, Anchorage, for Appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

### OPINION

COMPTON, Justice.

### I. INTRODUCTION

The Lake and Peninsula Borough (Borough) enacted and levied a license tax on guides and lodges. Several affected guides and lodges challenged the tax on a variety of constitutional grounds. The superior court granted summary judgment to the Borough. We affirm.

### II. FACTS AND PROCEEDINGS

The Lake and Peninsula Borough was incorporated as a home rule borough in April 1989. In August 1990 the Borough Assembly enacted an ordinance which imposed an annual permit fee of $750 on lodge operators and $250 on professional guides.[1] In March 1992 the Borough Assembly amended the lodge and guide tax so that it varied with the size of the businesses being taxed. Under the amended tax, each lodge operator paid $50 per guest room with a $750 maximum, and each guide paid $1 per visitor day with a $250 maximum. The amendment also exempted from the tax air taxi operations which do no guiding.

Some of the lodge owners protested the tax by refusing to pay it. In response the Borough filed a declaratory action seeking to have the tax declared valid and enforceable. The Borough also sought a monetary award of the unpaid assessments, interest, penalties and attorney's fees. Most of the defendants settled or had default judgments entered against them.

Ken Owsichek d/b/a Fishing Unlimited, Inc., Katmailand, Inc., Larry Todd d/b/a Todd's Igiugig Lodge, and Alaska's Enchanted Lake Lodge (Katmailand) moved for summary judgment.[2] Katmailand argued that the lodge and guide tax was impermissible because it violated the Equal Protection Clause of both the United States Constitution and the Alaska State Constitution, and exceeded the taxing powers of the Borough's charter. The Borough responded with a cross motion for summary judgment. It sought a declaration that the tax was valid and enforceable. Following oral argument the superior court denied Katmailand's motion for summary judgment and granted the Borough's cross motion for summary judgment. The court concluded that the Borough had the authority to levy an occupational license tax on lodge operators and guides, and that this tax did not deny lodge operators and guides equal protection under the law. This appeal followed.

### III. DISCUSSION

Katmailand claims that there are four issues on appeal: (1) whether the guide and lodge tax violates the Equal Protection

---

1. The guide and lodge tax is not the Borough's chief source of revenue. During fiscal year 1991, the Borough's fish tax resulted in collections of $438,397. For that same year the Borough only collected $14,250 under the lodge and guide tax. For fiscal year 1992 the fish tax produced $1,201,975 in revenues and the guide and lodge tax only yielded $32,364 in revenues.

2. The names of some of the appellants differ from the parties listed on the summary judgment motion from which this appeal arises. The Appellants are listed as follows: Katmailand, Inc., Lorane Owsichek d/b/a Fishing Unlimited, Inc., Larry Todd d/b/a Todd's Igiugig Lodge, and Richard Matthews d/b/a Enchanted Lake Lodge.

Clauses of the United States and Alaska State Constitutions; (2) whether the levying of this tax violates the substantive and procedural due process guarantees of the Federal Constitution;[3] (3) whether the imposition of this tax exceeds the Borough's authority under AS 29.45; and (4) whether the superior court erred in granting summary judgment for the Borough. Although Katmailand divides its briefs into four arguments, we need address only the equal protection and due process issues. The other issues (as they are presented) are subsumed in the resolution of the constitutional challenges.[4]

### A. *Standard of Review*

This court reviews the superior court's grant of summary judgment *de novo*. *See Tongass Sport Fishing Ass'n v. State*, 866 P.2d 1314, 1317 n. 7 (Alaska 1994). The constitutional and statutory issues raised present questions of law over which this court should exercise its independent judgment. *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

### B. *The Guide and Lodge Tax Does Not Violate the Equal Protection Clause of Either the United States Constitution or the Alaska State Constitution*

Katmailand argues that the lodge and guide tax violates the Equal Protection Clause of both the United States Constitution and the Constitution of the State of Alaska because the tax is imposed only on a select group, *i.e.*, lodge owners and guides. We disagree. The tax is valid under both state and federal equal protection case law.

■ Because the lodge and guide tax does not affect a fundamental interest or utilize a suspect classification, it need only survive review under the rational basis test to pass muster under a federal equal protection analysis. *See Exxon Corp. v. Eagerton,* 462 U.S. 176, 195–96, 103 S.Ct. 2296, 2308, 76 L.Ed.2d 497 (1983); *Atlantic Richfield Co. v. State,* 705 P.2d 418, 437 (Alaska 1985), *appeal dismissed,* 474 U.S. 1043, 106 S.Ct. 774, 88 L.Ed.2d 754 (1986). The United States Supreme Court frequently has concluded that rational basis analysis is appropriate for statutes affecting economic rights such as taxation. *See, e.g., Exxon Corp.,* 462 U.S. at 196, 103 S.Ct. at 2308; *Western & S. Life Ins. Co. v. State Bd. of Equalization,* 451 U.S. 648, 668, 101 S.Ct. 2070, 2083, 68 L.Ed.2d 514 (1981); *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 461–63, 101 S.Ct. 715, 722–23, 66 L.Ed.2d 659 (1981). "Under [this] standard a statute will be sustained if the legislature could have reasonably concluded that the challenged classification would promote a legitimate state purpose." *Exxon Corp.,* 462 U.S. at 196, 103 S.Ct. at 2308.

Taxes are rarely found to be without a rational basis. This court and the United States Supreme Court have held that review of taxes under the rational basis test is especially lenient. This court has noted that "[t]he rational basis standard is particularly easy to meet in the area of taxation." *Atlantic Richfield Co.,* 705 P.2d at 437. Similarly, the United States Supreme Court has held that "[l]egislatures have especially broad latitude in creating classifications and distinctions in tax statutes." *Regan v. Taxation with Representation of Washington,* 461 U.S. 540, 547, 103 S.Ct. 1997, 2002, 76 L.Ed.2d 129

---

**3.** The United States Constitution provides:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1, cl. 2.

The Alaska Constitution provides:

This constitution is dedicated to the principles that all persons have a natural right to life, liberty, the pursuit of happiness, and the enjoyment of the rewards of their own industry; that all persons are equal and entitled to equal rights, opportunities, and protection under the law; and that all persons have corresponding obligations to the people and to the State.

Alaska Const. art. I, § 1.

**4.** Katmailand claims that the enactment of this tax exceeds the Borough's authority, because the Borough does not have the authority to levy unconstitutional taxes. This assertion is nothing more than a claim that this tax is unconstitutional. Similarly, the contention that the superior court erred in granting summary judgment is nothing more than a claim that the Borough did not meet its burden of proof on the constitutional issues.

(1983). It reasoned that lawmakers' familiarity with local needs should give rise to a presumption that taxation classifications are constitutional. *Id.*

 Katmailand contends that the tax fails the rational basis test because no evidence was presented that the purposes for which the tax were imposed were carried out. However, the Borough is not required to make such a showing; rather, Katmailand bears the burden of proof.

"[T]he presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes. The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it."

*Regan,* 461 U.S. at 547–48, 103 S.Ct. at 2002 (quoting *Madden v. Kentucky,* 309 U.S. 83, 87–88, 60 S.Ct. 406, 408, 84 L.Ed. 590 (1940)). Katmailand has not satisfied this heavy burden of proof.

 The tax satisfies the rational basis test because the assessment of the guide and lodge tax is rationally related to a legitimate governmental interest. The Borough articulated a number of reasons in support of its decision to levy this tax: to encourage new business; to rectify perceived taxation inequities by spreading the charges to businesses which burden services provided by the Bor-

ough; and to raise revenues. The Borough explains that in enacting this tax it was seeking to equalize the tax burden, which at the time was borne solely by the commercial fishing industry, but could not impose a broader based tax which might discourage new industries. The Borough rationally could conclude that this industry-specific tax serves the purpose of raising revenues, while encouraging development of desirable industries.[5]

 · Similarly, this tax passes muster under an Alaskan equal protection analysis. Encouraging new industry and balancing out the tax burden imposed on commercial fishing, which would not be accomplished by a broader based tax, are governmental interests significant enough to justify this tax under Alaska's sliding scale of scrutiny.[6] In an analogous situation we have held that a similar rationale could justify an industry-specific tax exemption. We have opined:

It has repeatedly been held in other jurisdictions that a statute which secures the location within the state of immediate and useful industries by exempting them, though no others, from its taxes is not arbitrary and does not violate the Equal Protection Clause. . . .

*K & L Distrib., Inc. v. Murkowski,* 486 P.2d 351, 359 (Alaska 1971). Employing this reasoning we have held that other taxes as-

---

**5.** *See, e.g., Exxon Corp. v. Eagerton,* 462 U.S. 176, 196, 103 S.Ct. 2296, 2308, 76 L.Ed.2d 497 (1983) (upholding a tax exemption which the legislature postulated would encourage investment in oil and gas production); *Atlantic Richfield Co. v. State,* 705 P.2d 418, 437 (Alaska 1985), *appeal dismissed,* 474 U.S. 1043, 106 S.Ct. 774, 88 L.Ed.2d 754 (1986) (holding that a tax which was intended to rectify inequities survives an equal protection challenge under both the Alaska and United States Constitutions).

**6.** Alaska utilizes a sliding scale to determine the appropriate level of review for equal protection challenges. *State v. Ostrosky,* 667 P.2d 1184, 1192 (Alaska 1983); *appeal dismissed,* 467 U.S. 1201, 104 S.Ct. 2379, 81 L.Ed.2d 339 (1984). This scale ranges from relaxed scrutiny to strict scrutiny. *Id.* The analysis involves a three step process. First, the nature of the constitutional interest affected must be identified in order to determine the appropriate level of scrutiny. Second, the validity of the statute's purpose must be

analyzed in light of the interests which are affected. Third, the means chosen must be examined to determine that they are sufficiently related to the purpose of the challenged statute. *Atlantic Richfield Co.,* 705 P.2d at 437.

The interests involved in taxation challenges lie at the low end of the continuum of interests protected, and thus are reviewed under a relaxed scrutiny. *Id.* With this relaxed scrutiny "less important governmental objectives will suffice and a greater degree of over/or underinclusiveness in the means-to-end fit will be tolerated." *Ostrosky,* 667 P.2d at 1193. At a minimum this standard of scrutiny requires

that the legislation be based on a legitimate public purpose and that the classification "be reasonable, not arbitrary, and . . . rest upon some ground of difference having a fair and substantial relation to the object of the legislation."

*Id.* (quoting *Isakson v. Rickey,* 550 P.2d 359, 362 (Alaska 1976) (quoting *State v. Wylie,* 516 P.2d 142, 145 (Alaska 1973) (omissions in original))).

sessed against specific trades or industries did not violate Alaska's Equal Protection Clause. *See, e.g., Atlantic Richfield Co.*, 705 P.2d at 437 (upholding an oil tax); *State v. Reefer King Co.*, 559 P.2d 56, 66 (Alaska 1976), *modified*, 562 P.2d 702 (Alaska 1977) (upholding a tax which differentiated between mobile and stationary fish processors).

C. *The Guide and Lodge Tax Does Not Violate the Appellants' Rights to Due Process as Guaranteed by the Federal Constitution*

Katmailand claims that the guide and lodge tax violates the substantive due process rights guaranteed by the United States Constitution. Its entire argument consists of the unsupported assertion that outside of raising revenue, "there is no indication of a policy, rational or otherwise, to impose a tax on lodge owners and guides."

■■■ The substantive due process requirement dictates that legislation must be at least minimally rational. *Gonzales v. Safeway Stores, Inc.*, 882 P.2d 389, 397 (Alaska 1994).

"The constitutional guarantee of substantive due process assures that a legislative body's decision is not arbitrary but instead based on some rational policy. *Concerned*

---

7. Katmailand spends a page of its brief discussing the fact that it is unclear what percentage of those against whom these taxes are assessed are constituents of the Borough. However, it does not develop any argument from this discussion of the residency status of those taxed. It cites no law which would require that those upon whom this kind of tax is assessed be constituents. If there is a Privileges and Immunities Clause or procedural due process argument latent in this discussion, we deem such argument waived. This court has frequently held that "where a point is given only a cursory statement in the argument portion of a brief, the point will not be considered on appeal." *Adamson v. University of Alaska*, 819 P.2d 886, 889 n. 3 (Alaska 1991); *see also State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 528 (Alaska 1980) ("Failure to argue a point constitutes an abandonment of it."); *L.E. Spitzer Co. v. Barron*, 581 P.2d 213, 218 (Alaska 1978) (a party waived an argument to which he gave only cursory treatment and for which he cited no authority); *Wernberg v. Matanuska Elec. Ass'n*, 494 P.2d 790, 794 (Alaska 1972) (although an argument was raised, the issue had only been given cursory treatment and was waived where no citation to any authority was provided).

Additionally, in its reply brief Katmailand claims that the central issue in this appeal is

*Citizens of S. Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447, 452 (Alaska 1974). If any conceivable, legitimate public policy for the enactment is either apparent or offered by those defending the enactment, the party challenging it must disprove the factual basis for the justification."

*Gonzales*, 882 P.2d at 397–98 (quoting *Keyes v. Humana Hosp. Alaska, Inc.*, 750 P.2d 343, 351–52 (Alaska 1988)). As stated in the preceding equal protection discussion, the Borough has a variety of legitimate public policy rationales for enacting the guide and lodge tax: encouraging new industries; raising revenues to fund Borough services; and spreading the tax burden to businesses which utilize the Borough's services. The burden to present evidence which contradicted the factual basis for these justifications was on Katmailand. *See id.; Keyes*, 750 P.2d at 351–52. As Katmailand offered no evidence, and in fact offered no argument outside of its unsupported claim that the tax was enacted with no legitimate purpose, it did not satisfy this burden.[7]

IV. *CONCLUSION*

The Lake and Peninsula Borough's guide and lodge tax does not violate the Equal

---

whether the enactment of the guide and lodge tax violated the procedural due process rights of the lodge owners and guides. Katmailand's procedural due process argument in essence contends that the amendments to the guide and lodge tax, which varied the rate of taxation by the number of beds and days of visitors, turned the tax into a sales tax. Katmailand further alleges that the Borough's failure to comply with the notice requirements of AS 29.45.660 in implementing this sales tax, denied it an opportunity to be heard.

Although Katmailand claims this is the issue upon which this appeal turns, it did not raise this issue in its opening brief or in the summary judgment motion from which this appeal arises. Katmailand has waived this argument by raising it first in its reply brief. Alaska Rule of Appellate Procedure 212(c)(3) mandates that the reply brief "may raise no contentions not previously raised in either the appellant's or appellee's briefs." Alaska R.App.P. 212(c)(3); *see also Conam Alaska v. Bell Lavalin, Inc.*, 842 P.2d 148, 158 (Alaska 1992) (holding that the court need not address an argument based upon a theory which was not articulated in the opening brief).

Protection Clause of either the United States Constitution or the Alaska State Constitution. The enactment of these taxes did not transgress the due process guarantees of the Federal Constitution. We AFFIRM the judgment of the superior court.