**LOT 04B & 5C, BLOCK 83 TOWNSITE,**
Appellant,

v.

**FAIRBANKS NORTH STAR
BOROUGH, Appellee.**

No. S–12660.

Supreme Court of Alaska.

May 22, 2009.

Wolfgang Falke, pro se, Fairbanks, Appellant.

Cynthia M. Klepaski, Assistant Borough Attorney, and A. René Broker, Borough Attorney, Fairbanks, for Appellee.

Before: FABE, Chief Justice, EASTAUGH, CARPENETI, and WINFREE, Justices.

## OPINION

FABE, Chief Justice.

## I. INTRODUCTION

This action arises from a foreclosure proceeding brought by the Fairbanks North Star Borough. In March 2005 the Borough filed for foreclosure against all properties for which property tax payments for 2004 or earlier years remained unpaid. The list of properties included Wolfgang Falke's residential property. Although Falke admitted that he had not paid his property taxes, he argued that his tax assessment was incorrect because of the Borough's unlawful denial of a partial tax exemption based on Falke's failure to pay the prior year's property taxes in a timely manner. Falke argued that the Borough ordinance restricting the exemption to those who are current on their property taxes is contrary to Alaska statutes and violates the Alaska Constitution's guarantee of equal protection under the law. Falke's response to the Borough's foreclosure action

purported to speak not only for Falke's property, but also for "all other properties similarly situated." The superior court granted summary judgment to the Borough and Falke appeals, arguing that the superior court erred on the law and that it abused its discretion in certain decisions related to the case caption. Because the superior court's decisions were correct on the law and did not represent an abuse of discretion, we affirm the judgment in all respects.

## II. FACTS AND PROCEEDINGS

In March 2005 the Borough filed a petition for judgment under AS 29.45.330, seeking foreclosure of the Borough's liens against all properties on which property taxes for tax year 2004 or earlier were not fully paid. Among these was Falke's residential property: Lot 04B & 5C, Block 83 Townsite. Falke filed an answer and counterclaim "on behalf of ... Lot 4B & 5C Block 83 Townsite ... and on behalf of all other properties similarly situated." Falke argued that his tax liability should be reduced because a partial property tax exemption provided by Fairbanks North Star Borough Code (FNSBC) 03.08.020 should have been applied to his property and all similarly situated properties. The Borough applies the partial exemption to owner-occupied residential property on which no back taxes are owed as of May 10 of the relevant tax year.[1] Falke's property was denied the exemption for the 2004 tax year because prior years' property taxes had not been fully paid by May 10, 2004. Falke's answer and counterclaim argued that conditioning the exemption on payment of all back taxes violated AS 29.45.250 and article I, section 1 of the Alaska Constitution.

After Falke responded, the superior court assigned Falke's case a separate case number, naming Falke as the defendant. Falke filed a motion to reconsider, asking the court to amend the caption of the case to list his property, rather than Falke himself, as the defendant. Falke's motion and proposed or-

---

1. For the tax years relevant to this appeal, the exemption amount was twenty percent of the assessed value of the property up to $10,000. FNSBC 03.08.020 (2003). In 2005 the maximum exemption was raised to $20,000. FNSB Ord. 2005–79 § 2. In 2006 the deadline for pay-

ment was changed from May 10 to April 1. FNSB Ord. 2006–73 § 3. Because this litigation arises from unpaid taxes for 2004 and previous tax years, the earlier version of the ordinance applies.

der suggested that the caption list Falke's property as the defendant "on its own behalf and on behalf of all other properties similarly situated." The Borough then filed a partial opposition to Falke's motion for reconsideration, explaining that while the Borough did not object to listing Falke's property as the party, it did object to the addition of language implying that the case was a class action. Falke then filed an objection to the Borough's opposition, arguing that under Alaska Rule of Civil Procedure 77(k)(3), the Borough was precluded from filing a response unless requested by the court. Falke's objection asked the superior court to strike the document from the record and return it to the Borough. The superior court issued an order granting Falke's motion for reconsideration and directing a change in the caption, listing "Lot 04B & 5C, Block 83 Townsite" as the defendant in the action. The superior court also removed from the caption the reference to other similarly situated properties. After oral argument the superior court granted summary judgment for the Borough. Falke appeals on behalf of his property.

## III. STANDARD OF REVIEW

■■■ We review a grant of summary judgment "de novo, affirming if the record presents no genuine issue of material fact and if the movant is entitled to judgment as a matter of law."[2] In making these determinations, "[w]e view the facts in the light most favorable to the non-moving party."[3] When reviewing questions of law we apply our inde-

pendent judgment, "adopting 'the rule of law most persuasive in light of precedent, reason, and policy.'"[4] When we interpret the meaning of a statute, "we apply our independent judgment, interpreting the statute according to reason, practicality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose."[5]

## IV. DISCUSSION

Falke challenges the constitutionality and legality of FNSBC 03.08.020(I).[6] The ordinance, as applicable to tax year 2004 and prior years, exempted the first twenty percent of the assessed value of the property, up to $10,000, if the property owner had applied for the exemption and was not delinquent in paying property taxes as of May 10 of the tax year for which the exemption was sought.[7] Falke argues that the ordinance violates Alaska's constitution because it denies equal protection by discriminating against the poor and that it violates Alaska statutes because it amounts to a penalty for late payment of taxes in excess of the statutory penalty cap.[8] Falke also maintains that summary judgment was not proper because there were genuine disputes of fact material to resolving his claims on the merits.[9] Finally, Falke argues that various rulings of the superior court relating to the case caption were improper.

### A. Summary Judgment Was Proper on the Equal Protection Claim.

■■■ Falke argues that the Borough ordinance violates the guarantee of equal

---

2. *Beegan v. State, Dep't of Transp. & Pub. Facilities*, 195 P.3d 134, 138 (Alaska 2008).

3. *McCormick v. Reliance Ins. Co.*, 46 P.3d 1009, 1011 (Alaska 2002) (citing *Mathis v. Sauser*, 942 P.2d 1117, 1120 (Alaska 1997)).

4. *Jacob v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 177 P.3d 1181, 1184 (Alaska 2008) (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979)).

5. *Parson v. State, Dep't of Revenue, Alaska Housing Fin. Corp.*, 189 P.3d 1032, 1036 (Alaska 2008) (citing *Grimm v. Wagoner*, 77 P.3d 423, 427 (Alaska 2003)).

6. The exemption is laid out in subsection (I) of the current code. It appears that the exemption has been codified in other subsections in prior

years. *See, e.g.*, FNSB Ord. 2003–69 § 3 (relettering the provision from J to I).

7. FNSBC 03.08.020 (2003).

8. AS 29.45.250 provides in part that "[a] penalty not to exceed 20 percent of the tax due may be added to all delinquent taxes, and interest not to exceed 15 percent a year shall accrue upon all unpaid taxes, not including penalty, from the due date until paid in full."

9. Falke also argues that summary judgment was improper because AS 29.45.370's direction that the court "make its decision in summary proceedings" does not apply. Falke is correct that the statute does not apply to his case; his claim that this fact precludes summary judgment is without merit.

protection in the Alaska Constitution. We examine equal protection claims under a "sliding scale" of scrutiny levels.[10] We begin by "weigh[ing] the importance of the interests affected." [11] "As the right asserted becomes more fundamental ... [,] the challenged law is subjected to more rigorous scrutiny at a more elevated position on our sliding scale." [12] Purely economic interests, such as "freedom from disparate taxation[,] lie[ ] at the low end of the continuum of interests protected by the equal protection clause" and so are subject to the most relaxed scrutiny on our sliding scale.[13] Under this relaxed scrutiny, we will uphold laws if they serve a "legitimate public purpose" [14] and impose only classifications that "bear[ ] a fair and substantial relationship" to that purpose.[15] Because the classification imposed by the Borough ordinance affects only economic interests, the "fair and substantial relationship" test applies.[16]

■ Falke argues that disputed facts precluded summary judgment on his constitutional challenge. Specifically, he maintains that the ordinance does not actually motivate some property owners to pay their taxes on time.[17] Falke also argues that regardless of the resolution of any factual dispute the Borough was not entitled to judgment as a matter of law. We disagree on both points.

■ There is no dispute of fact that precludes summary judgment as to the first prong of the "fair and substantial relationship" test—that is, whether the ordinance's purpose is legitimate. According to the Borough, the purpose of the ordinance's classification is to encourage prompt payment of residential property taxes. Falke contends that the ordinance does not in fact encourage those in arrears to pay and argues that he is entitled to prove this through witness testimony. Though his argument may be relevant to the second prong of the test—whether the ordinance's classification is fairly and substantially related to its purpose—we can fully address the first prong of the test without resolving claims about the ordinance's effectiveness in achieving its purpose. The Borough's goal in limiting the exemption to those who are current in their taxes is to motivate prompt payment of taxes, and this is a legitimate public purpose.[18]

**10.** *Stanek v. Kenai Peninsula Borough*, 81 P.3d 268, 270 (Alaska 2003) (citing *Gonzales v. Safeway Stores, Inc.*, 882 P.2d 389, 396 (1994)).

**11.** *Matanuska–Susitna Borough Sch. Dist. v. State*, 931 P.2d 391, 398 (Alaska 1997).

**12.** *Stanek*, 81 P.3d at 270 (quoting *Gonzales*, 882 P.2d at 396) (internal quotation marks omitted).

**13.** *Id.* at 270–71 (quoting *Matanuska–Susitna Borough Sch. Dist.*, 931 P.2d at 398) (internal quotation marks omitted). Regardless of the interests at stake, more rigorous scrutiny is proper "when a classification is based on a suspect factor such as race." *Id.* at 270 (quoting *Gonzales*, 882 P.2d at 396). Such is not the case here.

**14.** *Katmailand, Inc. v. Lake & Peninsula Borough*, 904 P.2d 397, 401 n. 6 (Alaska 1995).

**15.** *Stanek*, 81 P.3d at 270 (quoting *Gonzales*, 882 P.2d at 396).

**16.** We have before referred to this test as the "legitimate reason test," but the requirement that the classification bear a fair and substantial relation to its purpose is the more stringent—and thus the more substantive—aspect of the test. *Id.* (internal quotation marks omitted).

**17.** The only other dispute plausibly factual in nature is the amount of tax Falke would owe were the property tax exemption granted for the years in question. We think the precise amount of taxes owed is almost certainly a legal, not a factual matter. In any event, Falke's repeated protests that only the Borough is authorized to calculate this number demonstrate that this matter is not actually in dispute. Additionally, it seems clear that this matter is not material to Falke's claims on the merits, but only to the question whether he qualifies as a public interest litigant. Because Falke failed to address this claim in his opening brief, it is waived. *See Karrie B. ex rel. Reep v. Catherine J.*, 181 P.3d 177, 187 n. 31 (Alaska 2008) ("[A]rguments presented for the first time in reply briefs are considered waived." (quoting *Danco Exploration, Inc. v. State, Dep't of Natural Res.*, 924 P.2d 432, 435 n. 1 (Alaska 1996)) (internal quotation marks omitted)); Alaska R.App. P. 212(c)(3) (stating that the reply brief "may raise no contentions not previously raised in either the appellant's or appellee's briefs").

**18.** Falke argues that because the exemption is available only to owner-occupied residential properties, this demonstrates that the ordinance's purpose is not to motivate prompt payment but to give relief from "double property taxation." Regardless of the merit of this argument, the purpose of conditioning the exemption

■ Turning to the second prong of the test, we must examine whether the Borough has demonstrated a "fair and substantial relationship" between means and end. Falke's argument seems to be that penalizing late payment of taxes in any way discriminates against the poor. But this reasoning would apply to late-payment penalties authorized by AS 29.45.250—a statute that Falke does not seek to invalidate, but rather relies on. Moreover, his argument does not address the main issue. It is not enough to show that an otherwise fair and reasonable law fails to achieve its purpose in a handful of individuals. Falke's argument does not explain, as it must, why the ordinance's effect—directly motivating most residents to act in a certain manner—does not bear a "fair and substantial relationship" to the ordinance's purpose—motivating just such an action. Falke raises no credible argument to challenge the Borough's position that rewarding Borough residents by a small reduction in their future taxes will encourage them to pay their taxes promptly and that the exemption's restrictions thus bear a fair and substantial relationship to the purpose of motivating prompt payment of residential property taxes.

### B. Summary Judgment Was Proper on the Statutory Claim.

■ Falke argues that because the partial property tax exemption is available to all owner-occupied lots except those that are behind in their taxes, the ordinance granting the exemption effectively lowers the base level of taxation and creates a penalty for late payment in the form of denial of the exemption. Falke argues that in some cases this penalty is in excess of the twenty percent limit imposed by AS 29.45.250. To resolve this claim we must determine whether denial of the exemption is a penalty subject to the limits of AS 29.45.250.

The phrasing of AS 29.45.250 suggests its drafters did not contemplate treating the denial of an exemption as a penalty. The stat-

ute states, in pertinent part, "[a] penalty not to exceed 20 percent of the tax due may be added to all delinquent taxes." [19] The statute treats the penalty as an amount separate from the original amount due, calculated from the original amount due and added to the original amount due only after the failure to pay on time. A forgone exemption under the ordinance lacks these qualities.

While the ordinance may function to penalize a property owner for delinquent taxes, the additional tax burden imposed is not "added to [the] delinquent taxes." First, the amount of this additional burden is not due with the taxes that occasion the penalty, but with the following year's taxes, and so is not added "to [the] delinquent taxes." Second, the amount of the additional burden is not "added" at all, as it is imposed as part of the original assessment of taxes in the year following the tax year for which tax is not promptly paid.

The size of the additional tax burden is not calculated from, nor related to, the delinquent amount because the effects of a forgone exemption are felt in the year after a late payment. If assessed value changes dramatically so will the amount of the additional tax burden, making it unrelated to the amount of the tax that was paid late. Thus, to the extent the ordinance imposes an added tax burden, it is not one that is added to or calculated based on the amount due. Treating the ordinance as a penalty would thus be inconsistent with the wording of the statute.

■■ Where the wording of a statute is not ambiguous, but suggests a common sense interpretation, we will not give a different meaning to the statute without clear legislative history demonstrating that the common sense meaning is incorrect. As we have explained, "[w]here the statute's meaning appears clear and unambiguous ... the party asserting a different meaning bears a correspondingly heavy burden of demonstrating contrary legislative intent." [20] Falke has not

---

on non-delinquency is to motivate prompt payment. It is this classification that Falke challenges, not the distinction between rental and owner-occupied residential property.

**19.** AS 29.45.250(a).

**20.** *Gerber v. Juneau Bartlett Mem'l Hosp.,* 2 P.3d 74, 76 (Alaska 2000) (quoting *Gossman v. Greatland Directional Drilling, Inc.,* 973 P.2d 93, 96 (Alaska 1999) (internal quotation marks omitted)).

met this burden. Therefore, we determine that denial of the partial property tax exemption is not a penalty within the meaning of AS 29.45.250, and so is not subject to the statute's twenty percent limit.

### C. Falke's Procedural Claims Are Moot.

 In its June 14, 2005 order, the superior court granted Falke's request, made in his motion for reconsideration, to substitute the property as the defendant in the foreclosure action's caption. At the same time, the superior court accepted the Borough's suggestion, raised in its unsolicited partial opposition to Falke's motion for reconsideration, to strike from the caption the reference to "properties similarly situated." Falke now complains that the Borough should not have been permitted to file an opposition absent the court's invitation and that the superior court erred in striking this language from the caption.[21] But the only arguable effect of the actions that Falke complains of was denial of class certification. Our reading of the record suggests that the superior court had not made a decision as to class certification but instead intended to postpone that question until after determining which, if any, of Falke's claims survived summary judgment.[22] In any event, even if the superior court's actions constituted denial of class certification, that ruling was not error because Falke, as a pro se litigant, cannot represent a class.[23]

## V. CONCLUSION

For the reasons discussed above, we find that enforcement of FNSBC 03.08.020 does not violate the equal protection clause of the Alaska Constitution or AS 29.45.250. Accordingly, we AFFIRM the judgment of the superior court.

MATTHEWS, Justice, not participating.

---

21. Falke also argues that accepting the opposition denied him due process. This argument is waived because it is inadequately briefed. *See Brady v. State*, 965 P.2d 1, 20 (Alaska 1998) (holding that "[d]espite our solicitude for pro se litigants," the pro se appellant waived a claim by "failing to brief it adequately").

22. At the hearing on the Borough's motion for summary judgment the superior court judge explained, "I've postponed certifying [a class] until I rule on this motion for summary judgment." After indicating that he had decided to grant summary judgment to the Borough, the judge attempted to end the dispute over class certification, concluding, "if you prevail in the Supreme Court, you come back to me and then we'll have to ... address [the] issue [of class certification]."

23. *See Hallam v. Holland Am. Line, Inc.*, 27 P.3d 751, 754 n. 14 (Alaska 2001) (holding that policy concerns "prevent the court from certifying a class if the would-be class representative will not be represented by counsel").