**LOT 04B & 5C BLOCK 83 TOWNSITE,**
**Appellant,**

v.

**FAIRBANKS NORTH STAR**
**BOROUGH, Appellee.**

No. S–13654.

Supreme Court of Alaska.

Oct. 7, 2011.

---

**39.** Similar default and cure provisions are also contained in DNR's regulations. 11 AAC 83.374(b).

Wolfgang Falke, pro se, Fairbanks, Appellant.

Cynthia M. Klepaski, Assistant Borough Attorney, and A. René Broker, Borough Attorney, Fairbanks, for Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices.

*OPINION*

WINFREE, Justice.

## I.  INTRODUCTION

A property owner appeals from a judgment foreclosing a borough property tax lien, arguing that the borough's foreclosure was legally flawed and that the borough's attorney should have been sanctioned for maintaining the foreclosure against his property. Because the superior court did not err in concluding there were no legal flaws in the foreclosure, and because therefore there was no basis to sanction the borough's attorney, we affirm the judgment in all respects.

## II.  FACTS AND PROCEEDINGS

Wolfgang and Erika Falke (Falke) own a residential property in Fairbanks. Falke became delinquent on his 2003, 2004, and 2005 property taxes.[1] The Fairbanks North Star Borough (Borough) initiated foreclosure proceedings against the property each year from 2005 through 2008.

Falke unsuccessfully contested the 2005 foreclosure, and the superior court entered a corrected judgment and decree of foreclosure in April 2007.[2] The superior court dismissed

---

1. Falke has not owed new property taxes after 2005 because of a senior citizen exemption. *See* AS 29.45.030(e).

2. *See Lot 04B & 5C, Block 83 Townsite v. Fairbanks N. Star Borough (Lot 04B & 5C I )*, 208 P.3d 188, 190 (Alaska 2009). This corrected judgment and decree of foreclosure led to a subsequent appeal, but we ultimately affirmed the judgment. *Id.* at 194; *see Lot 04B & 5C Block 83 Townsite v. Fairbanks N. Star Borough (Lot 04B & 5C II )*, Mem. Op. & J. No. 13190, 2010 WL 3447871, at *1 (Alaska, Sept. 1, 2010). After our decision the Borough requested, and the superior court granted, dismissal of the 2005 foreclosure because Falke had paid all but $13; the Borough represented it had "rolled over" the $13 for

the 2006 foreclosure action with the parties' consent after our decision in *Lot 04B & 5C I*, and dismissed the 2007 foreclosure action after the Borough withdrew its request for judgment and decree of foreclosure.[3] Falke also contested the 2008 foreclosure. The superior court stayed the 2008 foreclosure action pending Falke's appeal of the 2005 foreclosure action, but lifted the stay in June 2009 after we affirmed the superior court's judgment in the 2005 action.[4]

The Borough then moved for summary judgment in the 2008 action. The Borough attached as an exhibit a tax bill history including amounts due for the 2003 through 2005 tax years, but omitting any reference to tax years 2006 and beyond. Falke opposed the motion, alleging the Borough attorney should not have filed the 2008 foreclosure action because (1) the Borough's claims were legally erroneous; and (2) the Borough had already successfully foreclosed on the property in the 2005 action. Falke also moved for sanctions against the Borough's attorney "pursuant to [Alaska Civil] Rule 11."

The superior court granted summary judgment for the Borough. Although the order's caption correctly indicated the foreclosure action was against the property itself, the summary judgment order's first sentence stated: "In 2008, the Borough filed a tax foreclosure action against Mr. Falke for failure to pay his property taxes." The superior court concurrently entered a judgment and decree of foreclosure, stating "[p]ursuant to the summary judgment, there is no reason to delay entering judgment" against Falke's property. The court awarded the Borough "judgment for the delinquent taxes, penalties, interest, advertising and costs . . . , plus legal fees, if any" and decreed Falke's prop-

erty "sold and transferred to the [Borough] for the amounts of taxes, penalties, interest, advertising and legal costs for which the property is liable." Falke moved for reconsideration and submitted proposed orders stating foreclosure was improper because "one against the same lot [was] still in force and in effect" and because the decision granting summary judgment was "otherwise flawed." The superior court denied Falke's reconsideration and sanctions motions.

Falke appeals the orders granting summary judgment and denying sanctions, arguing: (1) the property should not have appeared on the 2008 foreclosure list because AS 29.45.330(a)(1) allows a property's inclusion only if the record owner owes taxes for the year immediately preceding the list year; (2) it was error to state that the 2008 action was brought against Falke rather than against the property itself; (3) it was error to allow new foreclosure proceedings because the foreclosure resulting from the 2005 action was "still current and in effect"; and (4) sanctions should have been imposed on the Borough's attorney.

## III. STANDARD OF REVIEW

We review summary judgment grants "de novo, affirming if the record presents no genuine issue of material fact and if the movant is entitled to judgment as a matter of law."[5] In making that determination, we view "the facts in the light most favorable to the non-moving party."[6] We use our "independent judgment when reviewing issues of statutory interpretation, adopting 'the rule of law that is most persuasive in light of precedent, reason, and policy.'"[7] "Decisions on Rule 11 motions are reviewed for abuse of discretion."[8]

---

collection in a subsequent foreclosure proceeding.

**3.** We assume the Borough has continued to roll over any unpaid taxes into the present action. At oral argument before us, Falke stated that in order to maintain his standing to present this appeal, he had not paid the amount owed.

**4.** *See Lot 04B & 5C I*, 208 P.3d at 190.

**5.** *Id.* at 191 (quoting *Beegan v. State, Dep't of Transp. & Pub. Facilities*, 195 P.3d 134, 138 (Alaska 2008)).

**6.** *Id.* (quoting *McCormick v. Reliance Ins. Co.*, 46 P.3d 1009, 1011 (Alaska 2002)).

**7.** *Krone v. State, Dep't of Health & Soc. Servs.*, 222 P.3d 250, 252 (Alaska 2009) (quoting *Glamann v. Kirk*, 29 P.3d 255, 259 (Alaska 2001)).

**8.** *State, Dep't of Fish & Game v. Manning*, 161 P.3d 1215, 1225 (Alaska 2007) (citing *Keen v. Ruddy*, 784 P.2d 653, 658 (Alaska 1989)).

## IV. DISCUSSION

### A. The Statutory Tax Foreclosure Framework

Alaska Statute 29.45.295 provides that landowners are "personally liable" for property taxes, but that the taxes themselves "are a lien upon the property assessed." Alaska Statute 29.45.310 authorizes seizure and sale of the property to enforce tax liens. The process allows municipalities to handle delinquencies efficiently; they must:

(1) annually present a petition for judgment and a certified copy of the foreclosure list for the previous year's delinquent taxes in the superior court for judgment;

(2) publish the foreclosure list ... in a newspaper of general circulation distributed in the municipality ...; [and]

(3) within 10 days after the first publication or posting, mail to the last known owner of each property ... a notice advising of the foreclosure proceeding.[9]

Alaska Statute 29.45.330(b) imposes six requirements regarding the foreclosure list's format, including under (b)(3) that the list include "years and amounts of delinquency" for each parcel.

When the list has been published for the requisite time period, the "municipality shall bring one general foreclosure proceeding in rem against the properties included in the foreclosure list."[10] Anyone "having an interest in a lot on the foreclosure list may file an answer within 30 days" of the list's last publication.[11] If an interest holder files an answer, the case is separated and the court "hear[s] and determine[s] the issues raised by the complaint and answers in the same manner and under the same rules as it hears and determines other actions."[12] If the court finds for the municipality, the court enters "judgment and decree that the tax liens be foreclosed."[13] The property is then transferred to the municipality for the lien amount, but the owner may appeal the judgment and decree of foreclosure "in a manner provided for appeals in civil actions."[14]

Within one year of the property's transfer to the municipality, "a party having an interest in the property may redeem it by paying the lien amount plus penalties, interest, and costs."[15] "Foreclosure does not affect the former owner's right to possession during the redemption period" unless waste occurs on the property,[16] and taxes continue to accrue as if the property remained in private ownership.[17] If an interested party does not redeem the property, it is deeded to the municipality after notice of the redemption period's expiration is given.[18]

### B. Previous Year's Delinquent Taxes

■ Falke interprets the phrase "previous year's delinquent taxes" in AS 29.45.330(a)(1) to mean that the Borough can include a property on the foreclosure list only if taxes are delinquent from the year immediately preceding the list year. Falke claims the legislative intent to that effect is "crystal clear" because of the statutory language, and "separation of power[s]" requires the court to follow that intent.[19] Falke concludes that because he owed no new taxes for the 2007 tax year, the Borough could not place his property on the 2008 foreclosure list.

We agree with the Borough that the statutory language is not as narrow as Falke

---

9. AS 29.45.330(a).

10. AS 29.45.360.

11. AS 29.45.370.

12. AS 29.45.390(a).

13. AS 29.45.380.

14. AS 29.45.390(c).

15. AS 29.45.400.

16. AS 29.45.430.

17. AS 29.45.400.

18. AS 29.45.440 (notice); AS 29.45.450 (transfer).

19. Falke cites two cases from other jurisdictions to support this claim. But both cases hold that courts should not challenge the legislature's wisdom if a law is constitutionally valid. *See Harris v. Shanahan*, 192 Kan. 183, 387 P.2d 771, 791 (1963); *Treffry v. Taylor*, 67 Wash.2d 487, 408 P.2d 269, 273 (1965). We do not disagree with this general rule, but it provides little assistance with interpreting statutes.

suggests. As the Borough notes, AS 29.45.330(b)(3), requiring foreclosure lists to include the "years and amounts of delinquency," indicates the legislature's expectation that delinquencies from multiple years can be combined in a general foreclosure. We therefore believe "previous year's delinquent taxes" contemplates that unpaid taxes from one year will roll over into the next year's tax liability. Alaska Statute 29.45.330(a) requires a Borough to include property on its foreclosure list as long as previously due taxes have not been paid—the year in which the tax liabilities first arose is irrelevant. Because Falke owed back taxes in 2007 that had rolled over from previous tax years, the Borough correctly included Falke on the 2008 foreclosure list even though Falke owed no new taxes in 2007.

### C. In Rem Proceedings

■ The first sentence of the superior court's order granting summary judgment against Falke explains that "[i]n 2008, the Borough filed a tax foreclosure action against Mr. Falke for failure to pay his property taxes." Falke argues this sentence was incorrect because the Borough's action was against the property, not against Falke. Falke is correct; foreclosure actions are in rem proceedings.[20]

■ However we agree with the Borough that any error in this regard was harmless and does not require changing the judgment. Rule 61 states "[n]o error or defect in any ruling or order . . . is ground for . . . disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." As the Borough notes, the summary judgment order's caption correctly indicates that the action is against the property, not Falke personally. And the judgment and decree of foreclosure

similarly states that "[t]he subject real property described above against which this Judgment and Decree is entered is hereby sold and transferred to the Fairbanks North Star Borough."

Falke's contention that he was prejudiced because the misstatement allowed the Borough to garnish his Alaska Permanent Fund Dividend (PFD) and require a surety pending appeal is misplaced. In *Lot 04B & 5C II*, the superior court signed writs of execution against Falke's 2007 and 2008 PFDs to recover the outstanding property taxes relating to the 2005 foreclosure.[21] But Falke's PFDs were not applied to satisfy the writs because they had already been garnished for other reasons.[22] Falke moved to stay execution of the foreclosure and to extend the one-year redemption period pending his appeal of the superior court's summary judgment decision.[23] After a hearing, the superior court granted Falke a stay on the condition that Falke either pay the outstanding property tax debt under protest or deposit a supersedeas bond with the court in the amount due.[24] On appeal we characterized the action as an in rem proceeding, noting that the Borough had filed "for foreclosure against Wolfgang Falke's property." But we still upheld the supersedeas bond requirement.[25] We further held that the issue of PFD garnishment was moot because his PFD had already been otherwise garnished.[26] Because Falke has not demonstrated any change of circumstances regarding his PFD or actual prejudice, the first sentence of the order granting summary judgment, although technically inaccurate, did not create an error requiring us to disturb the judgment.

### D. Prior Foreclosures

■ Falke argues that at the time of the 2008 foreclosure action, the property "was

---

**20.** AS 29.45.360 ("A municipality shall bring one general foreclosure proceeding in rem against the properties included in the foreclosure list."); *see also* AS 29.45.300(b) ("Property taxes, together with penalty and interest, are a lien upon the property assessed. . . .").

**21.** *Lot 04B & 5C II*, 2010 WL 3447871, at *1–2.

**22.** *Id.*

**23.** *Id.*

**24.** *Id.* at *2.

**25.** *See id.* at *1, *4 (affirming order requiring Falke to post supersedeas bond before granting stay of execution of Borough's foreclosure judgment on his property).

**26.** *Id.* at *1.

already foreclosed and sold and transferred to the Borough" for the amount owed, and the Borough cannot "foreclose on a lot for which the Borough has already a certificate of sale." According to Falke, the Borough was the "owner of record," rendering the second foreclosure unnecessary.[27] Falke cites AS 29.45.430 to support his argument— the section allowing for a "former owner's right to possession" during the redemption period.[28] Falke contends the judgment and decree of foreclosure incorrectly stated that Falke was the "record owner" of the property because he was actually the "former owner." We disagree.

First, even though the property had been transferred, the Borough had not yet received a tax deed and clear title pursuant to AS 29.45.450. The legislature used the term "former owner" to distinguish the taxpayer from the Borough—we see no evidence of legislative intent for the phrase to effect a change in the property's ownership.[29] Second, taxes originating in 2005 were not included in the 2005 foreclosure action. As the Borough notes, preventing a subsequent foreclosure action for taxes that became due after the original foreclosure action was filed would "greatly hinder[ ]" the tax collection process. Third, AS 29.45.330 and .360, in conjunction with our conclusion above that unpaid taxes roll over from one year to the next, require municipalities to initiate foreclosure proceedings annually against property with unpaid taxes until the taxes are paid.[30] Preventing subsequent foreclosures would conflict with these provisions. There-

fore the Borough correctly initiated subsequent foreclosure proceedings even though the 2005 action was still pending.

## E. Sanctions

■ Falke asserts that the superior court erred in denying his motion for sanctions against the Borough attorney. In the superior court Falke claimed the Borough attorney knowingly adopted legally erroneous positions by contesting the same arguments Falke has made before this court in the present case. In addition Falke argued that the Borough attorney "willfully and deliberately tried to deceive and to mislead this [c]ourt" by attaching a tax bill history ending in 2005 to the 2008 proposed judgment and decree, when AS 29.45.330 required delinquencies from the "previous year," which was 2007. Falke repeats his arguments here, claiming the Borough "truly warrant[s] sanctioning, in that it caused substantial unnecessary filing and resulted in waste of judicial time."

As discussed above, the Borough's positions are legally sound, including its position that unpaid taxes roll over from one year to the next. The Borough appropriately attached a tax bill history ending in 2005 to the proposed judgment and decree in the 2008 foreclosure proceedings because no new taxes have become due since 2005. The tax bill history sufficiently and accurately set forth Falke's unpaid taxes. Thus declining to impose sanctions against the Borough was not an abuse of discretion.

---

27. Falke also suggests that because "Lot 04B & 5C was sold and transferred to the Borough for the amount of taxes ... the Lot was liable for, there can be no taxes owed to the Borough by said lot." Falke neglects to recognize that if he redeems the property, he could owe taxes for the entire time of possession. AS 29.45.400 (subjecting redeemed property to taxes "as though it had continued in private ownership.").

28. Falke notes that AS 29.45.450(d)—concerning transfers of tax deeds to the Borough—also includes "former owner" language and AS 29.45.330(b) requires the foreclosure list to include the "last known owner."

29. As the Borough notes, Falke's reliance on *Municipality of Anchorage v. Wallace*, 597 P.2d

148 (Alaska 1979), to support his argument that "foreclosure ends when the entering of a Judgment and Decree that sells and transfers the lot to the Borough pursuant to AS 29.45.380 and .390" is misplaced. In *Wallace*, unlike in this case, the tax deed had already been transferred to the municipality. *Id.* at 150.

30. *See* AS 29.45.330(a) ("A municipality shall ... annually present a petition for judgment and a certified copy of the foreclosure list for the previous year's delinquent taxes...."); AS 29.45.360 ("A municipality shall bring one general foreclosure proceeding in rem against the properties included in the foreclosure list.").

## V. CONCLUSION

We AFFIRM the superior court's decision.

CHRISTEN, Justice, not participating.