NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| BRIAN A. ROSS, and his minor children, MATTHEW, ANDREW, and EMILY ROSS, | ) ) ) ) | Supreme Court No. S-14879 |
| Appellants, | ) ) ) | Superior Court No. 3AN-11-11280 CI |
| v. | ) ) ) | MEMORANDUM OPINION AND JUDGMENT* |
| STATE OF ALASKA, DEPARTMENT OF REVENUE, | ) ) ) | No. 1476 – January 29, 2014 |
| Appellee. | ) ) ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory Miller, Judge.

Appearances: Wayne Anthony Ross, Ross & Miner, P.C., Anchorage, for Appellants. Michael J. Barber, Assistant Attorney General, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

I.    INTRODUCTION

Brian Ross is a United States Marine who was born and raised in Alaska. Ross left the state in 1990 to attend the United States Naval Academy and serve as a career officer in the Marine Corps. Ross maintained Alaska residency and received a

---

\*    Entered under Appellate Rule 214.

permanent fund dividend (PFD) each year until 2009, at which time he was deemed ineligible for a dividend because of an amendment to the statute governing the PFD program that went into effect that year.  Former Alaska Statute 43.23.008(c) (2012)[1] barred individuals from receiving dividends if they were absent from Alaska for the preceding ten years.  Ross appealed the 2009 denial, and we affirmed the denial in *Ross v. State, Department of Revenue* (*Ross I*).[2]  While that appeal was ongoing, Ross applied for 2010 dividends for himself and his children, and his applications were again denied pursuant to former AS 43.23.008(c).  Ross appealed this denial, and the denial was upheld through the informal and formal agency appeal process and by the superior court.

Ross now appeals, arguing that article I, section 1 of the Alaska Constitution "entitles all persons to both equal opportunities and equal rights under the law" and that former AS 43.23.008(c) denies the Rosses "equal opportunities."  But because the question whether former AS 43.23.008(c) violates article I, section 1 of the Alaska Constitution was the precise issue that we decided in *Ross I*, we conclude that Ross's constitutional challenge is barred by the doctrine of collateral estoppel.

Ross also argues that the superior court erred in upholding the Administrative Law Judge's (ALJ) denial of his and his children's 2010 PFD applications because the ALJ misconstrued the plain language of former AS 43.23.008(c).  But under a commonsense reading of AS 43.23.008(c), and the interpretation adopted in *Ross I* and by the ALJ in this case, we conclude that the Alaska Legislature intended the statute to bar PFD applicants who had not maintained the requisite connection with Alaska for over ten years from collecting dividends.  Therefore the superior court did not err in affirming the ALJ's decision.

---

[1]     The statute was repealed by ch. 33, § 5, SLA 2013.

[2]     292 P.3d 906 (Alaska 2012).

Ross's final argument is that he and his family are public interest litigants and that the superior court abused its discretion in ordering them to pay attorney's fees. But because Ross had a financial incentive to appeal the State's denial of 2010 PFDs for himself and his children, the superior court did not err in awarding attorney's fees to the State.

## II. FACTS AND PROCEEDINGS

### A. Facts

The facts underlying this case are in many respects identical to the facts in *Ross I*.[3]  Brian Ross was born in Alaska but has lived out of the state since 1990, pursuing first an undergraduate degree at the Naval Academy and then a career in the United States Marine Corps.  But Brian received a PFD every year from 1982 until 2009 because his absences were statutorily "allowable."

In 1998 the Alaska Legislature amended the statute governing the PFD program to provide that "[a]n otherwise eligible individual who has been eligible for the immediately preceding 10 dividends despite being absent from the state for more than 180 days in each of the related 10 qualifying years is only eligible for the current year dividend if the individual was absent 180 days or less during the qualifying year."[4]  The revised statute went into effect in 1999,[5] and thus, starting in 2009, individuals who had been allowably absent for ten straight years could no longer receive PFDs unless they returned to Alaska for more than half of the qualifying year.  The amendment exempted members of the United States Congress and their staff and families, but not members of the military.

---

[3]     *Id.* at 908-09.

[4]     *See* former AS 43.23.008(c); ch. 44, § 5, SLA 1998.

[5]     *See* ch. 44, §13, SLA 1998.

**B.	The 2009 Proceedings**

Ross filed PFD applications for the 2009 qualifying year for himself and his three children. The State denied Ross's application pursuant to the ten-year bar in former AS 43.23.008(c). The State also denied Ross's children's applications because Ross was not an eligible sponsor. Ross appealed these decisions through the appropriate channels, ultimately arguing to this court that former AS 43.23.008(c) should not apply in his case and that the statute violated his right to equal protection.[6] We affirmed the State's denial of the Rosses' 2009 applications and concluded that former AS 43.23.008(c) did not violate the Rosses' rights to equal protection.[7]

**C.	The 2010 Proceedings**

In March 2010, with his appeal of the State's 2009 decision ongoing, Ross filed PFD applications for himself and his children for the 2010 qualifying year. The State denied these applications for the same reasons it denied the 2009 applications. Ross followed the same administrative appeal process as he had with the 2009 applications. Following a formal administrative hearing, the ALJ in this case upheld the State's decision. Ross then appealed the administrative decision to the superior court. He raised a number of arguments, including that former AS 43.23.008(c) violated the equal protection clauses of the United States and Alaska Constitutions. The superior court rejected Ross's constitutional challenge and affirmed the administrative decision.

The State sought attorney's fees under Alaska Appellate Rule 508(e) in the amount of $2,196, which equated to 20% of the State's actual attorney's fees. The superior court granted the State's request, finding that "the applicable statute is

---

[6]	*Ross I*, 292 P.3d at 909.

[7]	*Id.* at 912.

constitutional . . . , the appellants are not public interest litigants, and . . . they did not lack a sufficient financial incentive to sue."

Ross now appeals the superior court's decisions on the merits and its award of attorney's fees to the State.

## III. STANDARD OF REVIEW

"We review questions of constitutional and statutory interpretation de novo, adopting 'the rule of law that is the most persuasive in the light of precedent, reason, and policy.' "[8]

When a trial court acts as an intermediate appellate court, we apply our independent judgment to scrutinize directly the merits of the underlying administrative determination.[9]

Whether the superior court issued sufficient factual findings for informed appellate review is a question of law to which we apply our independent judgment.[10]

## IV. DISCUSSION

### A. The Rosses Are Collaterally Estopped From Relitigating The Constitutionality Of Former AS 43.23.008(c).

The State argues that Ross is collaterally estopped from relitigating the constitutionality of former AS 43.23.008(c) under Alaska's Equal Protection Clause because we decided that issue in *Ross I*.

---

[8] *Khan v. State*, 278 P.3d 893, 896 (Alaska 2012) (quoting *Turney v. State*, 936 P.2d 533, 538 (Alaska 1997)).

[9] *Griswold v. City of Homer*, 252 P.3d 1020, 1025 (Alaska 2011) (citing *Earth Movers of Fairbanks, Inc. v. Fairbanks N. Star Borough*, 865 P.2d 741, 742 n.5 (Alaska 1993)).

[10] *Hooper v. Hooper*, 188 P.3d 681, 685 (Alaska 2008).

"The doctrine of collateral estoppel generally prevents the relitigation of an issue previously adjudicated."[11]  In *Ross I* we held that former AS 43.23.008(c) does not violate Alaska's Equal Protection Clause.[12]  Ross contends that he is not collaterally estopped because he is now challenging the constitutionality of former AS 43.23.008(c) under the "equal rights" and "equal opportunities" guarantee of article I, section 1, rather than  "equal protection."  But as we explained in *Alaska Civil Liberties Union v. State*, article I, section 1 of the Alaska Constitution "guarantees the right to equal treatment," and while "[o]ften referred to as the 'equal protection clause,' this clause actually guarantees not only equal 'protection,' but also equal 'rights' and 'opportunities' under the law."[13]  And we apply a single sliding-scale test to review all challenges brought under article I, section 1 of the Alaska Constitution, including allegations of unequal distribution of economic benefits like PFDs.[14]  Although Ross invites us to overrule our

---

[11]     *Harrod v. State, Dep't of Revenue*, 255 P.3d 991, 999 (Alaska 2011) (citing *Latham v. Palin*, 251 P.3d 341, 345 n.10 (Alaska 2011)).

[12]     292 P.3d at 909-13.

[13]     122 P.3d 781, 785 (Alaska 2005) (citations omitted); *see also, e.g.*, *Pub. Emps.' Ret. Sys. v. Gallant*, 153 P.3d 346, 349-50 (Alaska 2007) (reiterating this court's position that the provision of the Alaska Constitution that provides "equal rights, opportunities, and protection under the law" is a "command to state and local governments to treat those who are similarly situated alike" (quoting *Gonzales v. Safeway Stores, Inc.*, 882 P.2d 389, 396 (Alaska 1994))); *Wilkerson v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 993 P.2d 1018, 1022 (Alaska 1999) ("Article I, section 1 of the Alaska Constitution provides in part that 'all persons are equal and entitled to equal rights, opportunities and protection under the law.'  We have interpreted this language to require a 'sliding scale of review' rather than the tiered approach of federal equal protection analysis.") (internal citations omitted).

[14]     *See, e.g.*, *Ross I*, 292 P.3d at 909-10 (applying sliding-scale test for reviewing equal protection challenge to PFD eligibility requirements); *Harrod*, 255 P.3d
(continued...)

prior decisions in this area, we decline his invitation,[15] and we conclude that Ross is collaterally estopped from relitigating the constitutionality of former AS 43.23.008(c) under article I, section 1 of the Alaska Constitution.

**B.      The ALJ Did Not Err In Finding That AS 43.23.008(c) Prevented The Rosses From Receiving 2010 PFDs.**

Former Alaska Statute 43.23.008(c) provides, in relevant part, that

> [a]n otherwise eligible individual who has been eligible for the immediately preceeding 10 dividends despite being absent from the state for more than 180 days in each of the related 10 qualifying years is only eligible for the current year dividend if the individual was absent 180 days or less during the qualifying year.

Ross argues that the ALJ erred in upholding the denial of his and his family's 2010 PFDs because former AS 43.23.008(c) applies only to people who "*ha[ve] been eligible* for the immediately preceeding 10 dividends," and he was not eligible for a 2009 dividend. Ross's theory is essentially that he is eligible for a 2010 PFD because he was not eligible for a 2009 PFD.

We interpret statutes "according to reason, practicality, and common sense, considering the meaning of the statute's language, its legislative history, and its

---

[14](...continued)
at 1001 (same); *Schikora v. State, Dep't of Revenue*, 7 P.3d 938, 944-45 (Alaska 2000) (same); *Church v. State, Dep't of Revenue*, 973 P.2d 1125, 1130 (Alaska 1999) (same); *State, Dep't of Revenue, Permanent Fund Dividend Div. v. Cosio*, 858 P.2d 621, 628 (Alaska 1993) (same).

[15]      "We have consistently held that a party raising a claim controlled by an existing decision bears a heavy threshold burden of showing compelling reasons for reconsidering the prior ruling." *Native Village of Tununak v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 303 P.3d 431, 447 (Alaska 2013) (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 102 P.3d 937, 943 (Alaska 2004)) (internal quotation marks omitted).

purpose."[16]   A commonsense interpretation of former AS 43.23.008(c), and the interpretation we adopted in *Ross I*,[17] is that the Alaska Legislature intended the statute to bar applicants from collecting PFDs until they had re-established the requisite connection with the State of Alaska necessary to be eligible for a dividend.  And, as the State contends, the physical presence requirement in former AS 43.23.008(c) also serves the purpose of the PFD program by helping the State limit PFDs to permanent Alaska residents in an administratively practicable manner.[18]  We therefore conclude that the ALJ did not err in interpreting former AS 43.23.008(c) as barring Ross from collecting a 2010 PFD.

## C.    The Superior Court Did Not Err In Awarding Attorney's Fees To The State.

Ross argues that we should vacate the superior court's award of attorney's fees to the State because the superior court erred in finding that he had a financial incentive to sue.  Ross claims that because he raised a constitutional claim, he should be protected from a fee award under the safe-harbor provision of AS 09.60.010(c)(2).  We conclude that the superior court did not err in concluding that a ruling in Ross's favor on

---

[16]     *Lot 04B & 5C, Block 83 Townsite v. Fairbanks N. Star Borough*, 208 P.3d 188, 191 (Alaska 2009) (quoting *Parson v. State, Dep't of Revenue, Alaska Hous. Fin. Corp.*, 189 P.3d 1032, 1036 (Alaska 2008)) (internal quotation marks omitted).

[17]     *See Ross I*, 292 P.3d at 908 (interpreting the language of AS 43.23.008(c) to mean that "starting in 2009, individuals who have been allowably absent from the state for 10 straight years would no longer receive dividends until they returned to the state.").

[18]     *See id.* at 912 ("[B]y eliminating the need for discretionary review of dividend applications for those who have been out of the state for ten straight years, the ten-year rule functions as an 'efficient way to limit PFD eligibility to permanent residents.' " (quoting *Church*, 973 P.2d at 1131)).

the constitutional claim would have directly and substantially furthered his financial interests.

Alaska Appellate Rule 508(e) entitles a prevailing party in an appeal to an award of attorney's fees.[19]  But AS 09.60.010(c)(2) offers a safe harbor for a non-prevailing party who brings an appeal concerning the "establishment, protection, or enforcement of a right" under the United States or Alaska Constitutions where the "appeal asserting the right was not frivolous, and the [non-prevailing party] did not have sufficient economic incentive to bring the action or appeal regardless of the constitutional claims involved."[20]

Ross argues that the superior court erred in finding that he had sufficient economic incentive to sue, contending that the amount he stood to gain was "dwarfed" by the amount he incurred in attorney's fees.  But there was factual support in the record for the trial court's conclusion that Ross and his family had a financial incentive to challenge the denials of their 2010 PFDs, namely, the possibility of receiving four dividend payments totaling $5,124 for that year, as well as future PFDs for Ross and his three children.  In light of these facts, the superior court did not err in concluding that Ross had a financial incentive to sue.[21]

---

[19]     *See* Alaska R. App. P. 508(e).

[20]     *See* AS 09.60.010(c)(2).  Here, although Ross brought both a constitutional claim and a statutory interpretation claim, he suggests AS 09.06.010(c)(2) applies to his claims in their entirety.  We do not address the distinction in light of our holding that AS 09.60.010(c)(2) does not provide Ross any protection from an attorney's fee award.

[21]     Ross argues for the first time in his reply brief that the legislature's passage of House Bill 52, which amended AS 43.23.008(c) to exempt members of the military from the ten-year rule, indicates that he is a public interest litigant.  But "[We] deem[] waived any arguments raised for the first time in a reply brief," and we decline to reach

(continued...)

## V. CONCLUSION

Ross's constitutional challenge is barred by collateral estoppel. We AFFIRM the superior court's decisions in all other respects.

---

**21**(...continued)
this argument. *Barnett v. Barnett*, 238 P.3d 594, 603 (Alaska 2010).

Ross also relies on *Simpson v. Murkowski*, 129 P.3d 435 (Alaska 2006), to argue that the superior court's findings were insufficient to permit appellate review. But *Simpson* is inapposite because in that case we were concerned with the superior court's failure to resolve all critical areas of dispute. *Id.* at 448-49. In this case the superior court expressly found that Ross had sufficient economic incentive to sue. And the undisputed fact that Ross and his three children stood to gain $5,124 if their four 2010 PFD denials were overturned clearly provides us with a sufficient factual basis for review of the superior court's decision.